THE HOUSTON & TEXAS CENTRAL R. W. Co. v. L. D. BRADLEY,
GUARDIAN, ETC.

1. CONSTRUCTION OF STATUTE—SUIT BY GUARDIAN FOR DAM-
   AGES.—Under the act "authorizing the heirs, representatives, or
   relatives of deceased persons to sue for and recover damages where
   the death of such person or persons has been caused or occasioned
   by the negligence, culpable or willful act of another," (Paschal's
   Dig., 16,) suit may properly be brought by a guardian of the estate
   of the minor children of a man whose death was so caused by a
   railroad company. It is not material whether suit is brought in the
   name of the guardian for his ward, or in the name of the ward by
   his guardian.

2. NATURAL GUARDIAN—COMPROMISE.—The rights of the natural guardian do not extend to the control and management of the property of the child, or to the compromise and settlement of the claim of the child for damages from the death of the father by such causes as give to the child the right to damages. A compromise by such unauthorized party would not affect the rights of the minor.

3. CONSTRUCTION OF STATUTE—PARTIES.—As this statute was intended for the benefit of the persons therein named, it should receive such a construction as will give effect to the intention; therefore the second section of the act—"every such action shall be for the sole and exclusive benefit of the surviving husband, wife, child, or children,   *   *   *   and may be brought by such entitled parties or any one of them; and if such parties fail for three calendar months to institute suit, then it shall be the duty of the executor or administrator of the deceased,"—does not limit the right to sue after three months, to the administrator or executor.

4. SAME.—The right of the children to share in the damages, is not made to depend on the contingency that the surviving husband or wife fails to bring suit within three months from the death of one of the persons named in the statute. The action, by whomsoever 'rought, is for the benefit of all and to the exclusion of none of the parties interested.

5. PARTIES.—A widow who had compromised her right to damages is not a necessary party to a suit for damages in behalf of her children.

6. EVIDENCE.—The mother, as natural guardian, having no authority to compromise and adjust the rights of her children for such damages, it was not error to exclude contemporaneous declarations made by her, showing that her written release was intended to include damages as well accruing to her children as to herself.

ERROR from Harris. Tried below before the Hon. James Masterson.

James M. May, a passenger on the Houston & Texas Central Railway, was accidentally killed by the running off of the train, about the 8th of November, 1870. The deceased left a widow, Martha L. May, and two children, Joseph M., aged four years, and Robert B. May, aged eighteen months. Soon after the accident, the railway company effected a settlement with Mrs. May for the injury and damages from the death of her husband. The settlement was made on 22d February, 1871, the widow received three thousand dollars in gold, and executed a release as follows:

"State of Texas,
" *County of Freestone.*

"Know all men by these presents, that whereas my husband, James May, was, on or about the 8th day of November, 1870, killed by a railroad accident near the town of Bremond, and on the Houston & Texas Central Railroad, whereby I have sustained damages to the amount of $3,000. Now, in consideration of said claim for damages, I have this day received from the said railroad and by these presents do acknowledge the receipt of three thousand dollars gold, to me in hand paid, and do by these presents relinquish the said railroad from further damages and costs resulting from the killing of the said May.

"In testimony whereof I have hereunto set my hand and scroll for seal this the 22d day of February, A. D. 1871.

"(Signed)        Martha L. May.  [l. s.]

" Witnesses:

"W. F. Cummins,

"J. W. Brewer."

It seems from the testimony offered by the railway company on the trial, and which was excluded, that Mrs. May in the negotiations pleaded "her poverty and the tender age of her children," "claiming damages as the widow and as the natural guardian and mother of the children"—spoke of "part of the damages belonging to the children"—"that she intended to invest the money for the benefit of the children," &c. (Excluded testimony of Brewer & Cummins.)

At the April Term of the District Court of Freestone county, 1871, L. D. Bradley, with whom Mrs. May had been consulting before her settlement with the railroad company about her claim for damages, at her request obtained letters of guardianship of the estates of the two children, for the purpose of procuring from the railroad company, either by suit or compromise, compensation for the killing of their father on said road.

As such guardian he instituted suit against the "Houston

and Texas Central Railway Company," the petition containing the usual allegations, and praying judgment for ten thousand dollars damages.

The defendant demurred and excepted, "for that the matters in the petition alleged do not show such a cause of action as entitles a guardian to maintain this suit, and do show on its face that there was and is another person in being competent to sue and vested by law with the right to sue in this behalf, to wit: the widow of the deceased, the mother of the minor plaintiffs, who is not made party hereto, and no cause is alleged why the suit was not instituted by her; and because the petition does not show such a cause of action as survives and inures to a guardian of the minor children of the deceased; and does not show any right of action in plaintiff against defendant."

The demurrer and exceptions were overruled. Defendant pleaded a general denial, and the settlement "made with Mrs. May, acting for herself and children, and the payment of $3,000," as proved by the receipt and release above set forth.

The plaintiff excepted to the plea interposing the settlement made by Mrs. May of the cause of action, which exception to the special plea was sustained.

There was a verdict for plaintiff for $1,500 for each of the minors, upon which judgment was entered. A motion for new trial was overruled, and the defendant appealed.

The assignment of errors were substantially (1) the refusal of the court to sustain the demurrer and exceptions of defendant to the petition; (2) the action of the court in sustaining the exceptions of the plaintiff to the plea of accord and satisfaction interposed by defendant, and (3) the action of the court in excluding evidence showing that in the settlement with the railroad company, Mrs. May included the damages to her children in her settlement.

*Goldthwaite & Turner*, for appellant.

*William H. Crank*, for appellee.

REEVES, ASSOCIATE JUSTICE.—This suit was brought under the provisions of the act of February 2, 1860, " authorizing the heirs, representatives, or relations of deceased persons to sue for and recover damages where the death of such person or persons has been caused or occasioned by the negligence, culpable or wrongful act of another."

The petition is in the name of Lucius D. Bradley, guardian of Joseph M. May and Robert B. May, minor children of James M. May, against the Houston and Texas Central Railway Company, to recover damages resulting from the death of James M. May whilst a passenger on defendant's car, under circumstances that rendered the company liable for damages on account of his death, as proved on the trial.

The acts and omissions for which railway companies are liable in damages, as specified in the first section of the statute of February 2, 1860, are alleged in the petition as the grounds of the action. (Paschal's Dig., 14, 17.)

By the 2d section of this act it is provided that " every such action shall be for the sole and exclusive benefit of the surviving husband, wife, child, or children, and parents of the person whose death shall have been so caused, and may be brought by such entitled parties, or any one of them; and if such parties fail, for three calendar months, to institute suit, then it shall be the duty of the executor or administrator of the deceased, unless specially requested by all of said parties entitled not to prosecute the same. And in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death; and the amount so recovered shall be divided amongst the person or persons entitled under this act, or such of them as shall then be alive, in such shares as the jury shall find and direct, and shall not be liable for the debts of the deceased." (Paschal's Dig., 16.)

" SEC. 3. The action shall be brought within one year after the death of such deceased.

" SEC. 4. The action shall not abate by the death of either

party to the record.  If the plaintiff die pending the suit, where there is only one plaintiff, some one or more of the parties entitled to the money recovered may be substituted, and the suit prosecuted to judgment in the name of such party or parties for the benefit of the persons entitled," &c.

It is not regarded as material whether the suit is brought in the name of the guardian for his ward or in the name of the ward by his guardian.  By the laws of Texas, the guardian of the person is entitled to the charge and control of the person of the ward, and the guardian of the estate is entitled to the possession and management of the property belonging to the ward, and to collect all claims and debts due him, to enforce all obligations in his favor, and to bring and defend suits by or against him.  (Paschal's Dig., arts. 6939, 6940.)

In one of the defendant's answers it is alleged that Mrs. May, the mother of the minor plaintiffs, compromised the claim for damages resulting to her and her children from the death of James M. May, and accepted from the railway company $3,000 in gold in full satisfaction of such claim, and executed to the defendant a receipt therefor and released the company from further damages.

It is claimed by the defendant that the release by Mrs. May was a bar to the action by the minors.

In general, when two or more have such a joint interest as requires the parties to join in the suit, the release by one has been held to be a bar to the action.  The bar has been held to apply to a release of a debt or of a claim to damages by one of several joint creditors.

Admitting the general principle, it may well be contended that Mrs. May had no authority to release the claim of her infant children to damages against the company.  Her rights as the natural guardian of her infant children did not extend to the control and management of their property, or to the compromise and settlement of their claim for damages.

The law provides for the appointment of a guardian to take care of the estate of a minor, and requires the guardian

to give bond and take an oath for that purpose under the orders and directions of the court.

It is further contended that the action should have been brought by the widow Mrs. May, within three months after the death of her husband. Within that time it is said that she should have been the sole plaintiff, suing for the benefit of herself and the minor children. After that time it is insisted that she could not maintain the suit in her own name, and that the executor or administrator of the deceased is alone authorized by the act, after the three months had elapsed, to institute the suit.

The English statute known as "Lord Campbell's Act," giving a remedy by civil action for injuries causing death, provided that the suit should be brought by the executor or administrator of the deceased person. This act was passed in 1846.

By a subsequent statute passed in 1864, it is provided that where there is no executor or administrator of the deceased person, or being such executor or administrator, no action is brought within six calendar months after the death of the person, the action may be brought by and in the name or names of all or any of the persons (if more than one) for whose benefit such action would have been, if it had been brought in the name of the executor or administrator of the deceased person; the damages to be proportioned to the injury resulting from such death to the parties respectively for whose benefit the action was brought; the amount, after deducting costs not recovered from the defendant, to be divided between the parties in such shares as the jury should find and direct.

The statute of Missouri provides, that all damages accruing under the act of that State, shall be sued for and recovered, 1st, by the husband or wife of the deceased; or, 2d, if there be no husband or wife, or he or she fail to sue within six calendar months after such death, then by the minor child or children of the deceased.

In Mississippi the action may be brought in the name of the widow for the death of her husband, or by the husband for the death of his wife, or by the parent for the death of a child, or in the name of a child for the death of an only parent—the damages to be for the use of the widow, husband, or child, with certain exceptions specified in the act.

The statute of Georgia and other States contain similar provisions.

The statutes of New York, Indiana, Ohio, Illinois, Michigan, California, and several other States, require that the action shall be brought by the executor or administrator, or personal representatives of the deceased person.

In Maine, the damages or fine, not less than $500 nor more than $5,000, must be recovered by indictment for the use of the widow, if no children; for the children, if no widow; if both, to her and them equally; if neither, to the heirs of the deceased.

In Maryland, the suit is brought in the name of the State for the use of the wife, husband, parent, or child of the deceased.

The Missouri statute received a construction by the Supreme Court of the State, in the case of Coover *v*. Moore and Walker, 31 Mo., 574.) The court said: "Where the person killed left minor children, if the husband or wife of the deceased fail to sue within six months after the death, the right of action of the wife or husband is barred. If there be no minor children, the suit may be brought by the husband or wife within one year."

Under this statute the amount recovered is for the benefit of the parties who may be entitled to sue, in the order mentioned in the statute: (1) to the husband or wife; (2) if there be no husband or wife, or he or she fail to sue within six calendar months, then to the minor children, &c. The damages inure to the party alone in whose name the suit must be brought.

In Kramer *v*. The San Francisco Market-street Railroad

Company, 25 Cal., 434, the suit was brought by the father to recover damages for the death of his son on a statute which gave a right of action to the personal representatives of the deceased party.  The court held "that these words, as used in the act, mean the executor and administrator of the deceased, and not the heir or next of kin, and that the action could be prosecuted only by the persons designated in the statute."

The Selma, Rome, and Dalton Railroad Company *v.* Ann E. Lacy, 49 Ga., 106, was a suit instituted in the State of Georgia by the widow for damages for the killing of the husband in the State of Alabama.  The court held that the right of action was confined by the law of Alabama to the personal representative of the deceased, and that the widow could not maintain the suit in the courts of Georgia, although she would have been authorized by the laws of the last-named State to bring suit if her husband had been killed in Georgia.  The suit must be brought by some one or more of the persons designated in the statute.

Similar statutes have received the same construction by other courts.

The statute of Texas gives a right of action to the "entitled parties, or any one of them."  The action is for their sole and exclusive benefit.  The injury is to the parties as individuals rather than to a class.  The statute provides for the continuance of the suit by substituting one or more of the interested parties as plaintiffs in case of the death of the original plaintiff.  The right of the children to a share in the damages is not made to depend on the contingency that the surviving husband or wife fails to bring suit within three months from the death of one of the persons named in the statute.  Whether the suit is brought within that time by the parties entitled to sue, or some one of them, or by the executor or administrator of the deceased person after that time, there is no change in the rights of the parties.  The action, by whomsoever brought, is for the benefit of all, and to the exclusion of none of the parties.

In none of the statutes before referred to are found all of the provisions of the Texas statute. (Shearm. & Red. on Neg., sec. 290, 295.)

As the statute was intended for the benefit of the persons therein named, it should receive such a construction as will give effect to the intention.

The limitation to the action is found in the third section of the act requiring the suit to be brought within one year after the death of the deceased.

To the objection that Mrs. May was not a party to the suit, it may be answered that the facts in relation to her claim, and the compromise with her, and her release to the railway company, were fully set up in the pleadings. The release was admitted in evidence on the question of damages. Under the charge of the court Mrs. May was precluded by the release from asserting any further claim to damages. If she had brought the suit, or had been made a party to it, the result could not have been different.

The action of the court, excluding the testimony offered by the plaintiff in error to prove the compromise and settlement with Mrs. May, so far as it was intended and offered to affect the rights of the minors, was consistent with the ruling on the pleadings, and shows no error.

The effect of the Constitutional provision on the act of 1860 is not raised by the pleadings and not discussed in the briefs. The particular means and the manner of the death of James M. May is not shown in the agreed statement of facts. It was proved that his death was caused by accident and under circumstances which rendered the defendant liable for damages on account of his death. The facts are not given.

As the case is presented upon the record, we find no error in the judgment, and it is affirmed.

AFFIRMED.

Justice MOORE dissenting.

A motion for rehearing was overruled.