G., C. & S. F. R'y v. W. W. Styron, next friend, etc.

(No. 4902.)

PARTY PLAINTIFF.— *Held*, that a father cannot maintain a suit in
his own name for the benefit of his child, a minor.

APPEAL from Johnson county. Opinion by WATTS, J.

STATEMENT.— On August 16, 1882, W. W. Styron, who
sued as next friend, and for the use of Millie Styron, a
minor, brought this suit against appellant to recover $30,000
damages for injuries received by said minor while playing

on a turn-table belonging to appellant, which injuries, it is alleged, were caused by the negligence of the appellant, in that the turn-table was neither inclosed nor so fastened as to render it safe.

Appellant answered by general and special exceptions, and general denial. The ground for special exceptions was that there was a defect as to the parties plaintiff, for that Millie Styron, the party alleged to have been injured, was not a party to the suit. This special exception was over-ruled. Judgment and verdict for plaintiff for $8,000.

The only error deemed material, of the several assigned and relied upon, is that with reference to the ruling of the court on the special exception to the petition.

OPINION.— If this suit had been instituted by a duly ap-pointed and qualified guardian, no objection could have been successfully urged on that ground, as our statute pro-vides that " the guardian of the estate is entitled to the possession and management of all property belonging to the ward, to collect all debts, rents or claims due such ward, to enforce all obligations in his favor, to bring and defend suits by or against him." Rev. Stat., art. 2542. Also, H. & T. C. R'y Co. v. Bradley, 45 Tex., 171. It is now settled since the adoption of the Revised Statutes, as was the case prior to the passage of the probate act of 1870, that a minor may, as plaintiff, prosecute suits by next friend in this state. Evanich v. G., C. & S. F. R. R. Co., 57 Tex., 126; Abrahams v. Vollbaum, 54 Tex., 226; Glasscock v. Shell, 57 Tex., 215; Brooks v. Clark, id., 105; Cannon et al. v. Hemp-hill et al., 7 Tex., 201; Robson v. Osborn, 13 Tex., 305. At common law the rule was stated in Chitty on Pleadings, volume 1, page 60: " The action for an injury to the abso-lute rights of persons, as for assaults, batteries, wounding, injuries to the health, liberty and reputation, can only be brought in the name of the party immediately injured." And it is stated in Dicey on Parties to Actions, that " the person who sustains an injury is the person to bring an

action for the injury against the wrong-doer." Rule 79, p. 353. Also, Story's Equity Pleadings, p. 54.

We are of the opinion that the special exception was well taken. Appellant had the right to have the name of the plaintiff clearly set forth, so that no question might thereafter arise as to who was the real plaintiff in the suit. It is our conclusion that the court erred in overruling the special exception to the petition as to defect in the party plaintiff.

But the objection that the suit cannot be maintained by the plaintiff as stated in the petition, and that the judgment as rendered ought to have been arrested, is the real question for consideration and determination in this case. Throughout the petition, W. W. Styron, the father, is the plaintiff. True, he describes himself as next friend of Millie Styron, a minor, and as her next friend complains of the injuries. Everywhere he, and not the injured girl, is the plaintiff, and the prayer of the petition is as follows: "Wherefore the plaintiff prays that he, as next friend of Millie Styron, shall have and recover of and from the said defendant, for the use and benefit of her (the said Millie Styron), the sum of $30,000, and all costs," etc.

That portion of the judgment which is material to the question is in these words: "It is therefore ordered, adjudged and decreed by the court that the plaintiff, W. W. Styron, as next friend of Millie Styron, do have and recover of and from the Gulf, Colorado & Santa Fe Railway Company the sum of $8,000, and all costs in this behalf expended, for which let execution be issued in the terms of the law, as directed by law; said sum to be recovered as aforesaid by said W. W. Styron, for the sole use and exclusive benefit of said Millie Styron, a minor as aforesaid."

In the case of Glasscock v. Shell, 57 Tex., 218, John Shell, the father and natural guardian of Virgin C. Shell, sues, but no question was made in respect to that matter, and the judgment was rendered on other grounds.

In case of Bradley v. Amidon, 10 Paige's Chancery Re-

ports, where the father of minor children, who was their regularly appointed guardian, brought suit in his own name, as such guardian, for certain property, the vice-chancellor decreed him the estate. But upon an appeal the chancellor said: "No decree could properly be made upon the bill where no person having an interest in the estate of the testator is a party, either complainant or defendant. A decree made in this suit would not protect the defendants from further litigation anew with the infants themselves." For further references see Newton v. Nutt, 59 N. H., 601; Fox v. Minor, 32 Cal., 116; Hoars v. Harris, 11 Ill., 25; Anderson v. Shaw, *post*, p. 285; Brook v. Clark, 57 Tex., 110.

Such a recovery might by implication be sufficient to conclude an adult for whose use the recovery was had, but no estoppel by presumption in such matters would bind an infant. As the recovery is not in the name of the minor, we are of the opinion that she would not be concluded by the judgment from maintaining an action against the company in her own name for the injury.

REVERSED AND REMANDED.