## PARMLEY v. PLEASANT VALLEY COAL CO.

No. 4137.   Decided August 8, 1924.   (228 Pac. 557.)

1. DEATH—UNBORN CHILD IS "HEIR."   Under Comp. Laws 1917, § 6476, an unborn child of a decedent is an "heir," within section 6505, giving right of action for death for benefit of heirs.[1]

2. DEATH—JUDGMENT FOR DEATH HELD BINDING ON UNBORN CHILD OF DECEDENT.   Comp. Laws 1917, §§ 6504, 6505, wrongful death statutes, confer but one cause of action for death, and hence a judgment in an action for death was binding on an unborn child who was the legitimate offspring of decedent.[2]

3. DEATH—RIGHT OF ACTION CREATED BY STATUTE.   As right of action to recover damages for death is not a common-law right, but is one created by statute, law creating right can also prescribe conditions of its enforcement.

4. DEATH—FULL VALUE OF LIFE RECOVERABLE IRRESPECTIVE OF NUMBER OF SURVIVING CHILDREN.   Where deceased leaves surviving him minor children, full value of his life is 'recoverable, whether one or number of such children survive him.[3]

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson*, Judge.

Action by Joseph Parmley, a minor, by guardian ad litem, Mary Parmley, against the Pleasant Valley Coal Company. From a judgment of dismissal, plaintiff appeals.

AFFIRMED.

*Marioneaux, King & Schulder*, of Salt Lake City, for appellant.

[1] *Utah Copper Co.* v. *Industrial Commission*, 57 Utah, 118, 193 Pac. 24.

[2] Distinguishing *Insurance Co.* v. *Railroad Co.*, 44 Utah, 26, 137 Pac. 653.

[3] *Burbidge* v. *Utah L. & T. Co.*, 57 Utah, 566, 196 Pac. 556; *Evans* v. *O. S. L. R. R. Co.*, 37 Utah, 431, 108 Pac. 638, Ann. Cas. 1912C, 259; *Spiking* v. *Railway & Power Co.*, 33 Utah, 339, 93 Pac. 847.

See 17 C. J. §§ 37, 63, 102, 198; 29 C. J. § 15 (1926 Anno).

*Ferdinand Erickson, W. W. Ray,* and *H. J. Binch,* all of Salt Lake City, for respondent.

FRICK, J.

Joseph Parmley, a minor, hereinafter called plaintiff, by his mother, Mary Parmley, as his guardian ad litem, on the 20th day of September, 1921, filed his complaint in the district court of Salt Lake county, against the defendant, Pleasant Valley Coal Company, hereinafter designated defendant, in which complaint, after stating the necessary matters of inducement, it is alleged:

That plaintiff's father, one William Parmley, was killed in the coal mine of defendant by reason of an explosion which was caused through the negligence of the defendant as hereinafter will more fully appear. The complaint then proceeds:

"That the plaintiff herein was born on the 30th day of October, 1900, and was the legitimate child of the said William Parmley and the said Mary Parmley, his guardian ad litem; that the deceased at the time of his death left him surviving his said widow, Mary Parmley, a daughter, Maude Parmley, two sons, William Parmley and Thomas Parmley, and the plaintiff at the time of said death of the said William Parmley unborn and in his mother's womb; that on or about the 24th day of September, A. D. 1900, the said Mary Parmley in her own right, and as the guardian ad litem of Maude Parmley, who was of the age of twelve years, and William Parmley, of the age of five years, and Thomas Parmley, who was of the age of three years, filed a complaint in the district court of the Seventh judicial district in and for Carbon county, state of Utah, against the said Pleasant Valley Coal Company, to recover damages against it for the death of the said William Parmley; that on the 29th day of September, 1900, the defendant filed its answer to said complaint, and on October 8, 1900, judgment was rendered in said action upon a written offer to compromise the same, filed therein October 8, 1900, by the defendant Pleasant Valley Coal Company to permit judgment to be entered against it for the sum of $500, and on said date judgment in said sum of $500 was rendered in favor of the said plaintiffs and against the said defendant, together with costs taxed therein, and in pursuance of said offer in the sum of $33, which said judgment was thereafter paid by the said defendant; that the claims therefore of the said widow and the said children aforementioned, exclusive of this plaintiff, against the said defendant arising out of the death of the said William

Parmley, were compromised and settled, but this plaintiff was not a party to the said action, and he has never compromised or settled his claim against the said defendant for the death of his father as herein alleged; that the death of the said deceased was caused solely through and on account of the negligence and carelessness of the defendant, in this," etc.

The acts and omissions constituting the alleged negligence of the defendant are then fully set forth and need not be repeated here.

It is then further alleged that at the time of the death of the deceased he was "a strong, able-bodied man capable of earning and did earn the sum of $125 per month," and by reason of the decedent's untimely death plaintiff was damaged, etc.

The defendant appeared and filed a demurrer to the complaint upon the grounds (1) that the complaint does not state a cause of action; (2) that it appears "upon the face of the complaint" that there is a defect of parties, in that "William Parmley, deceased, left surviving him heirs other than plaintiff," and said heirs are necessary parties to this action; (3) that the action is barred, setting forth the statute.

The district court sustained the demurrer "as to paragraphs 2 and 3." The plaintiff refusing to further amend his complaint, the court entered judgment dismissing the action. Plaintiff appeals and assigns the ruling of the court upon the demurrer as error.

It is more convenient for us to first consider the arguments and authorities presented by defendant in support of the demurrer and judgment. The defendant contends that under statutes like ours and similar ones the great weight of authority is to the effect that, where the right of action is given to the widow and the heirs or personal representatives of the deceased, the former may bring the action, and that if she does so, while she should join all of the heirs as plaintiff, yet, if she fails to do so, and the action proceeds to judgment in the absence of fraud or collusion on the part of the defendant in such action, the judgment is a bar, and no subsequent action can be maintained, although some or all of the heirs or children of the deceased are minors; and that the

rule just stated applies to an unborn or posthumous child of the deceased. It is further argued that under the statute there is only one cause and one right of action which must be prosecuted for the benefit of all the heirs, and that, if the widow brings an action, she may compromise and settle the same, and that such compromise and settlement are binding upon all the heirs of the deceased, if the same is made in good faith and without fraud or collusion on the part of the widow and defendant in the action.

Upon the other hand, plaintiff's counsel contend that the judgment is not binding upon a minor heir who was not a party to the action; and at all events that it is not binding upon an unborn child who is the legitimate offspring of the deceased.

In view of the importance of the questions involved, and that they have not heretofore been considered by this court, we shall consider them somewhat at length.

Our statute, commonly known as Lord Campbell's Act, Comp. Laws Utah 1917, §§ 6504 and 6505, reads as follows:

"6504. A father, or, in case of his death or desertion of his family, the mother, may maintain an action for the death or injury of a minor child, *when such injury or death is caused by the wrongful act or neglect of another;* and a guardian *may maintain an action* for the injury or death of his ward, *if the ward be of lawful age,* when such injury or death is caused by the wrongful act or neglect of another, *the action by the guardian to be prosecuted for the benefit of the heirs of the ward.* Any such action may be maintained against the person causing the injury or death, or, if such person be employed by another person who is responsible for his conduct, also against such other person.

"6505. When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives *for the benefit of his heirs,* may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person. *If such person have a guardian at the time of his death, only one action can be maintained for the injury to or death of such person, and such action may be brought by either the personal representatives of such adult person deceased for the benefit of his heirs, or by such guardian for the benefit of his heirs as provided in section 6504.* In every action

under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

The foregoing sections were originally adopted from the Code of Civil Procedure of California (Cal. C. of C. P. §§ 376 and 377). They are first found as a part of the law of the Territory of Utah in Laws Utah 1884, p. 193, as sections 233 and 234. From thence they were carried into Comp. Laws Utah 1888 as sections 3178 and 3179, and from thence into the Revised Statutes of 1898 as sections 2911 and 2912. In 1901 (Laws Utah 1901, c. 46) the sections were amended to read as they now appear as sections 6504 and 6505, supra. So as to have the sections as originally enacted and as amended in 1901, clearly before the reader we have italicized all the words which were added to the sections in 1901. In reading the sections, by omitting the italicized words one reads them as originally adopted from the California Code, and with the italicized words as they were amended and as they now read and are in force and effect.

The plaintiff's father was killed in May, 1900. The sections were therefore in their original form as adopted from California and as the California statute has remained ever since. While we are clearly of the opinion that the amendment of 1901 did not effectuate any material change so far as the instant case is concerned, yet we have deemed it but fair to all to state the real facts concerning the changes in the statute and to point them out.

It will be observed, therefore, that the action by plaintiff's mother was commenced and prosecuted to judgment, and the judgment was paid under the provisions of the statute as originally adopted and before the amendments of 1901. Plaintiff's rights, therefore, vested under the original statute.

Much is said by counsel on both sides respecting the plaintiff's status at the time of his father's death and whether he could be considered as in esse or not. Our statute (Comp. Laws Utah 1917, § 6426), so far as material here, provides: "Posthumous children are considered as living at the death of their parents." The plaintiff at the time of his father's death, although unborn, was therefore an

heir under the law precisely the same as his mother and brothers and, sisters were heirs.   To that effect is the decision of this court in *Utah Copper Co. v. Ind. Commission*, 57 Utah, 118, 193 Pac. 24, 13 A. L. R. 1367.   Assuming, therefore, for the purposes of this decision, that the plaintiff was an heir within the purview of section 6505, supra, the same as though he had been born and had lived at the time of the death of his father, can he now maintain this action?

Defendant's counsel, in support of their contention which we have hereinbefore outlined, cite and rely upon the following among other cases:   *Daubert v. Western Meat Co.*, 139 Cal. 480, 69 Pac. 297, 73 Pac. 244, 96 Am. St. Rep. 154; *Munro v. Dredging Co.*, 84 Cal. 515, 24 Pac. 303, 18 Am. St. Rep. 248; *Hartigan v. Sou. Pac. Co.*, 86 Cal. 142, 24 Pac. 85; *Louisville & N. Ry. Co. v. Sanders*, 86 Ky. 259, 5 S. W. 563; *Thompson v. Sou. Lbr. Co.*, 113 Ark. 380, 168 S. W. 1068; *McBride v. Berman*, 79 Ark. 62, 94 S. W. 913; *St. Louis, I. M. & S. Ry. Co. v. Needham*, 52 Fed. 371, 3 C. C. A. 129; *Salmon v. Rathjens*, 152 Cal. 290, 92 Pac. 733; *Shawnee G. & E. Co. v. Motesenbocker*, 41 Okl. 454, 138 Pac. 790; *Beard v. Skelton*, 113 Ill. 584; *Willis Coal, etc., Co. v. Grizzell*, 198 Ill. 313, 65 N. E. 74; *Riggs v. N. P. R. R. Co.*, 60 Wash. 292, 111 Pac. 162; *Alder v. Fleming*, 159 Fed. 593, 86 C. C. A. 419; *Whelan v. R. G. W. Ry. Co.* (C. C.) 111 Fed. 326; *Hawkins v. Barber Asphalt Pav. Co.* (D. C.) 202 Fed. 340; *Holder v. Railroad*, 92 Tenn. 141, 20 S. W. 537, 36 Am. St. Rep. 77; *Prater Adm'r. v. Marble Co.*, 105 Tenn. 496, 58 S. W. 1068; *Natchez Cotton Mills v. Mullins*, 67 Miss. 672, 7 South. 542; *Shambach v. Middle Creek E. Co.*, 232 Pa. 641, 81 Atl. 802.

In *Daubert v. Western Meat Co.*, supra, the Supreme Court of California held that the action, whether prosecuted by the mother or by the other heirs, is necessarily prosecuted for the benefit of all the heirs, and that there is only one right of action and only one cause of action.   While it is held that all the heirs should be made parties to such an action, yet, if that is not done, it does not expose the defendant in such an action to different suits by omitting an heir or heirs.   True, in that case it was held that the unborn child who brought

the second action was not in esse but was a part of its mother's womb at the time of the father's death, and hence could not sue, yet it is clearly held that there can be but one action under the statute.

In *Munro* v. *Dredging Co.*, it is held that but one action can be maintained.

In *Hartigan* v. *Sou. Pac. Co.* the deceased died testate, and the executor brought the action in which it was held that the judgment in that action was a bar to the subsequent action by the widow of the deceased who was not a party to the executor's action, upon the ground that the action by the executor was prosecuted for the benefit of all the heirs, including the widow, and that there could be but one action.

In *Louisville & N. Ry. Co.* v. *Sanders,* it is held that where the right to sue is given to the widow, heirs, or personal representative, there is but one cause of action, and only one action can be maintained. In that case an infant heir brought the action after one year had elapsed. In the course of the opinion it is said:

"But it is said that the cause of action has not accrued to the infant. There is but one cause of action. There can be but one recovery.

"If, in this instance, the administrator had sued, and either recovered or been defeated, it would have been a bar to a subsequent action by the children."

In *Thompson* v. *Sou. Lbr. Co.* it is held that under a statute like ours there is but one right of action which must be prosecuted for the benefit of all the heirs. It was there held that, where a surviving widow brings an action without making all of the heirs parties to the action, the judgment in the widow's action is a bar to an action commenced by one of the heirs who was not a party to the widow's action.

To the same effect are *St. Louis, I. M. & S. Ry. Co.* v. *Needham* and *McBride* v. *Berman.*

In *Salmon* v. *Rathjens* the action was commenced without joining all of the heirs as parties. The defendant in the action, before and during the trial, in different ways sought to have the omitted heirs made parties to the action, but was overruled by the trial court. Error was predicated upon the

court's rulings in that regard. In passing upon the assignment the court, in the course of the opinion, said:

"* * * We are satisfied that defendant could not be subjected to a second recovery in a subsequent action by some other heir or heirs of whose existence he had no knowledge at the time of this action."

It was therefore held that, although all of the heirs should be made parties, yet, in view that the action must be prosecuted for the benefit of all and that but one action is maintainable, the rulings of the trial court did not prejudice the defendant, because no other action could be maintained against him.

In *Shawnee G. & E. Co. v. Motesenbocker*, the Supreme Court of Oklahoma, under a statute like ours, held:

"The statute contemplated only one action. No case has been cited or found in which it was held that the cause of action for wrongful death could be divided or damages for the same death could be sued for in separate actions by the various individuals who had sustained damages thereby."

In *Natchez Cotton Mills v. Mullins*, it is held that, where the widow may bring an action for the benefit of the heirs, she may compromise and settle the same, even after judgment, and the heirs are bound by such settlement.

In *Shambach v. Middle Creek El. Co.*, it is held that, where the widow brings an action in her own name "for the benefit of herself and her children, naming them, she may compromise and settle the case," if she does so in good faith and is not "overreached, or defrauded." It is further held that, "after such a settlement the children have no standing further to prosecute."

We shall refrain from quoting further from the decided cases, in view that the foregoing excerpts clearly show the trend of the decisions under statutes like ours. We remark, however, that the other cases cited and not quoted from sustain the rule as it is stated in the excerpts quoted.

It will be observed that our statute provides that, where the action is brought by the heirs (and the word "heirs" here includes the widow) or by the personal representative of a deceased person, the action must be for the benefit .

of all the heirs. Under the terms of the statute we **2** think no one will deny that if a personal representative brings the action all the heirs are bound. For the very same reason all are bound if one or more of the heirs bring it, because in either event the action is prosecuted for the benefit of all the heirs. True it is that in case the heirs bring the action all the heirs should be made parties, while that is not necessary, perhaps where the personal representative sues.

It will be further observed that in case the deceased was under guardianship at the time of his death either the guardian or the personal representative may bring the action. In either case the action is for the benefit of the heirs, and only one action can be maintained. True, this is under the amendment of 1901, but, as we have seen, that has always been the construction placed upon the statute as originally adopted, and the Legislature, in naming another person who may sue, took the precaution of again making it clear that nevertheless but one action can be maintained regardless of who brings the action and that such an action is for the benefit of all the heirs. In this connection it should also be remembered, as pointed out by many of the courts, that the right of action to recover damages for death is not a common-law right, but is one created by statute, and hence the law **3** creating the right can also prescribe the conditions of its enforcement. The enforcement of the right may therefore be conferred upon any one or all of the beneficiaries, and the enforcement of the right may be limited to one action which must be prosecuted for the benefit of all. Such a rule is both reasonable and practical.

We now proceed to consider the cases cited by counsel for plaintiff. Among others, they rely upon the following: *Nelson* v. *Galveston, etc., R. Co.*, 78 Tex. 621, 14 S. W. 1021, 11 L. R. A. 391, 22 Am. St. Rep. 81; *Dowell, Adm'r.* v. *B. C. R. & N. Ry. Co.*, 62 Iowa, 629, 17 N. W. 901; *T. & P. Ry. Co.* v. *Robertson*, 82 Tex. 657, 17 S. W. 1041, 27 Am. St. Rep. 929; *H. & T. C. Ry. Co.* v. *Bradley*, 45 Tex. 171; *Railroad Co.* v. *Le Gierse*, 51 Tex. 189; *Eichorn* v. *N. O. & C. R. L. & P. Co.*, 112 La. 236, 36 South. 335, 104 Am. St. Rep. 437;

*G. H. & S. A. Ry. Co.* v. *Kutac,* 72 Tex. 647, 11 S. W. 127. While counsel have cited many other cases, all of which we have carefully examined, yet none of them have any bearing upon the real question involved here, and hence we refrain from referring to them further.

In *Nelson* v. *Galveston, etc., R. Co.* an action was commenced by the widow for the benefit of herself and the surviving children, which action was compromised and settled. Several years afterwards an infant son of the deceased, who was born about seven months after the death of his father, on account of whose death the first action was brought, commenced another action to recover damages, precisely as the plaintiff in the instant case. The Supreme Court of Texas declined to hold that under the Texas statutes there was but one cause and only one right of action, but held that the plaintiff, although unborn at the time of the death of his father, must nevertheless be considered as in esse, and that he, not having been made a party to the first action, could maintain an action to recover his proportionate share of the damages.

In *Dowell, Adm'r.* v. *B. C. R. & N. Ry. Co.* it is held that, where the administrator brought an action to recover damages for the death of his intestate, a plea that the damages had been compromised and settled with the widow of the deceased constituted no defense to the administrator's action. In Iowa (Code of Iowa 1873, §§ 2526 and 2527, which were in force at the time the case was decided) the right to sue is vested in the personal representative, and the widow is not given the right to bring an action. It was accordingly held, and properly so, that a settlement with the widow could not bind the administrator, and, while she could settle for herself, she could not settle to bind the estate.

In *T. & P. Ry. Co.* v. *Robertson* the Nelson Case in 78 Tex. before referred to is followed.

In *H. & T. C. R. Co.* v. *Bradley,* it is held that, where the right to sue is vested in the guardian of the children, the mother is powerless to compromise and settle the damages so far as the children are concerned. This is elementary doctrine.

In *Railroad Co.* v. *Le Gierse* it is held:

"It was error to allow judgment in favor of the widow for damages for the death of her husband, when the record showed that he had left minor children who were not represented in the suit."

In *Eichorn* v. *N. O. & C. R. L. & P. Co.* it is held that, where the statute provides that the action "survived in favor of the 'minor children or widow or either of them,' " that in case the widow sues alone the children may also bring an action to recover damages for the "loss sustained by them by reason of the death of their father." The damages are thus apportioned between the widow and the children, and each, it seems, may bring an action for its proportionate share.

In *G. H. & S. A. Ry. Co.* v. *Kutac* the former Texas cases are followed.

Plaintiff's counsel have also referred to the case of *Insurance Co.* v. *Railroad Co.*, 44 Utah, 26, 137 Pac. 653, where the rule respecting the duty of defendants to make timely objection by demurrer or otherwise in case necessary parties are omitted as plaintiffs is pointed out, and where the effect of failing to make objection is stated. The rule there laid down has, however, no application to the case at bar. Nothing is made to appear that the defendant in the instant case knew or had any means of knowledge that plaintiff's mother was pregnant, and hence it could not have interposed any objection that there were other heirs who were omitted from the action.

Finally, counsel contend that the case of *Whitley* v. *Spokane, etc., Co.*, hereinafter called company, reported in 23 Idaho, 643, 132 Pac. 121, affirmed in 237 U. S. 487, 35 Sup. Ct. 655, 59 L. Ed. 1060, L. R. A. 1917F, 736, is decisive of this case in favor of plaintiff. In that case one Whitley was killed on July 31, 1909, while riding as a passenger on one of the defendant's trains in the state of Idaho. The deceased at the time of his death was a resident of Tennessee. He left surviving him his wife and his mother, who were the only heirs, and who under the statutes of Idaho, inherited equally. In September, 1909, the widow entered into an agreement with the company to accept $11,000 in payment for the dam-

ages caused by the death of her husband, $1,500 of which was then paid to the widow. She thereupon applied for letters of administration in Shelby county, Tenn., and was appointed administratrix of her deceased husband's estate. After her appointment she obtained permission from the Tennessee court to compromise and settle with the company for the amount above stated. Before paying the money to the widow, however, the mother brought suit against the company to recover damages for the death of her son. When that action was commenced against the company by the mother it refused to pay the widow the amount agreed upon. In November following the widow brought an action against the company in the state of Washington to recover the $9,500 remaining unpaid. She, however, failed to allege in her complaint that the deceased left surviving him his mother who was one of his heirs. The company set up as an affirmative defense that the mother had commenced an action against it in the state of Idaho to recover damages for the death of the deceased, which action was then pending. The widow filed a reply to the company's answer in which she averred that she had full authority under the laws of Idaho to enter into an agreement to compromise and settle the action, and that the settlement would be a bar to the mother's action in Idaho. The mother was not a party to the Washington suit, and no attempt was made to have her made a party thereto. The United States Supreme Court, in its opinion, in referring to the Washington action, says: "It [the action] was swiftly determined, without contest." Such was undoubtedly the case, and judgment was entered forthwith in favor of the widow for the $9,500 aforesaid, which was immediately paid by the company. The mother then presented her petition to the court, in Tennessee, and asked that the $11,000 received by the widow be distributed in accordance with the laws of the state of Idaho, to wit, one-half to the widow and one-half to the mother. The mother's demand was contested, and her petition was denied by the Tennessee court. Thereafter the company filed a supplemental answer to the mother's action pending in Idaho in which it pleaded the judgment in the Wash-

ington action and its payment in bar to the mother's action. The Idaho court, however, refused to allow the defense, and judgment was obtained by the mother in her action for $5,500, or for one-half of the amount that the widow had compromised for. The case was appealed to the Supreme Court of Idaho and there affirmed; after which it was taken to the United States Supreme Court upon a writ of error, where the decision of the Supreme Court of Idaho was affirmed.

There is nothing in the decisions of the Idaho Supreme Court or in that of the Supreme Court of the United States which in any way controls or even militates against anything that is decided in any case cited by counsel for defendant in the instant case and to which we have referred.

While perhaps we have already devoted too much time and space to the Whitley Case, yet, in view that the real basis of the decision of the Supreme Court of the United States is clearly stated in the concluding portion of the opinion, we take the liberty of here quoting the concluding statement of that court:

"It is apparent that the railroad company co-operated with the administratrix in securing the judgment in her favor, without bringing the mother in as a party and without demanding that proof of authorization of the suit by the mother should be furnished. Had the railroad company made such a demand, there is no reason to believe that it would not have been sustained. Relying upon what appears to be an erroneous construction of the Idaho statute, it preferred to facilitate the administratrix in obtaining the recovery in the absence of the mother and without its being shown that the suit was brought in her interest and with her authority, and the predicament in which it now finds itself is due solely to its own conduct."

It will be observed that the judgment in favor of the mother is precisely one-half of the amount the company paid the widow of the deceased. Had the Tennessee court not erroneously denied the mother's petition for her share of the amount the widow had received, the mother would then have been awarded her share, and her Idaho suit would not have been prosecuted to judgment. Where, therefore, a defendant in an action like the one at bar colludes, connives, and co-

operates with the plaintiff to defraud and to cheat other heirs by preventing them from obtaining their proportionate share of the damages to which they are legally entitled, as was done in the Whitley Case, it would be a reproach to the law if it failed to compel the guilty party to compensate the defrauded heir or heirs. We have no such a case here. Here, if this action prevails, the injury must be visited upon a party who is guiltless of any wrongdoing.

Nor is the contention tenable that the presumption prevails that each heir recovers only the damages he suffers by reason of the death, and that in case there are surviving a number of heirs the damages will be enhanced. Such is not the law in this jurisdiction. Here the full value of the life of the deceased is determined whether one, two, or more heirs survive. This court has frequently held that all the elements of damages may be considered, including the probability respecting the amount and value of the estate the deceased might accumulate in view of his earnings and capability to acquire property which the heir or heirs would obtain by inheritance. *Burbidge* v. *Utah, L. & T. Co.*, 57 Utah, 566, 196 Pac. 556; *Evans* v. *O. S. L. R. R. Co.*, 37 Utah, 431, 108 Pac. 638, Ann. Cas. 1912C, 259; *Spiking* v. *Railway & Power Co.*, 33 Utah, 339, 93 Pac. 847. In this jurisdiction, therefore, where the deceased leaves surviving him minor children, the full value of his life is recoverable whether one or a number of such children survive him. If there are a number, the estate must be divided into a greater number of parts, and thus each heir may obtain less than if there is but one. In either event, however, the heirs are entitled to recover the full amount of damages that may be established in view of the past earnings of the deceased and in further view of his habits and his capability to accumulate property which the heirs may take by succession.

Nor is the omitted heir, if there be one, without a remedy. If damages are recovered, each heir is entitled to his proportionate share, whether he was a party to the action or not, and, if his share is withheld from him, he may always sustain an action against his coheirs for contribution. If,

upon the other hand, any number less than the whole number of heirs bring the action and wilfully conceal the fact that there are other heirs, then those who recover damages are liable to the excluded heirs for their proportionate share of the estate, and may be liable for such further damages as the latter may have sustained. Then again, if an heir, or any number of them, bring the action and cooperate, collude, and connive with the defendant in the action to deprive any one or more of the heirs from joining in the action and from obtaining their just proportion of the damages caused by the death of the deceased, as in the Whitley Case, then all or either wrongdoer may be sued as tort-feasors, and the damages suffered by the excluded heirs may be recovered, which necessarily includes their proportionate share to which they were entitled under the law. The statute as construed by the California Supreme Court, and by other courts of last resort to which we have referred, that there is but one cause of action, and that only one action may be maintained, in such cases is therefore just, fair, logical, and practical, and in the long run will result in reflecting justice upon all concerned.

In view of what has been said it follows that the judgment is right, and should be affirmed. Such is the order.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.