1999 UT 3

**Frank OVERTURF, personal representative of the Estate of Gay D. Overturf, Plaintiff and Appellee,**

v.

**UNIVERSITY OF UTAH MEDICAL CENTER, Defendant and Appellee.**

**Thelma Oxendine, Intervener and Appellant.**

**Thelma Oxendine, heir of Gay D. Overturf, Plaintiff and Appellant,**

v.

**University of Utah Medical Center, Defendant and Appellee.**

Nos. 960496, 970097.

Supreme Court of Utah.

Jan. 22, 1999.

---

**414**

Peter C. Collins, James E. Morton, Salt Lake City, for Overturf.

David G. Williams, Terence L. Rooney, Salt Lake City, for Medical Center.

C. Michael Lawrence, West Valley, for Thelma Oxendine.

DURHAM, Associate Chief Justice:

¶ 1 These cases come before us on appeals from two separate proceedings: (i) a district court order in *Overturf v. University of Utah Medical Center,* No. 960469, denying Thelma Oxendine's motion to set aside a settlement agreement and a motion by the parties to dismiss the underlying action; and (ii) a district court order in *Oxendine v. University of Utah Medical Center,* No. 970097, granting summary judgment to the University of Utah Medical Center ("Medical Center") and dismissing Oxendine's complaint.

¶ 2 In the first matter, the trial court denied Oxendine's attempt to set aside the settlement agreement between the University of Utah Medical Center and Frank Overturf as the personal representative of the Estate of Gay Overturf. Frank Overturf had sued the Medical Center on a claim of medical malpractice arising out of the death of his wife, Gay Overturf. Oxendine is Gay Overturf's natural mother. The court ruled that Oxendine was not a party to the litigation because she had failed to intervene; therefore, her motion to set aside the settlement and to deny the motion to dismiss of the parties was not properly before the court. Oxendine filed a notice of appeal with this court. Overturf and the Medical Center then moved for summary disposition with us. We deferred ruling on the motions, and the parties proceeded to brief the case.

¶ 3 In the second case, Oxendine sued the Medical Center, attempting to recover damages for Gay Overturf's death. The trial court granted the Medical Center summary judgment because Utah's one-action rule in section 78–11–7 of the Code barred Oxendine's suit. Oxendine appealed, and we consolidated the two matters.

¶ 4   We now grant the motion for summary disposition in the first matter and remand the second matter for further proceedings.

■   ¶ 5   As to the first appeal, we grant summary disposition on the grounds argued by Overturf and the Medical Center—that Oxendine lacks standing to invoke the jurisdiction of this court because she was not a party to the trial court proceeding.

> Persons who are not parties of record to a suit have no standing therein which will enable them to take part in ... the proceedings. If they have occasion to ask relief in relation to the matters involved, they must either contrive to obtain the status of parties in the suit or they must institute an independent suit.

59 Am.Jur.2d *Parties* § 8 (1987).  Thus, if Oxendine wished to be involved in the wrongful death action brought by Frank Overturf, she had to intervene and be made a party. If she arrived too late to intervene, she had to seek relief in an independent action.  We have no jurisdiction to entertain an appeal from someone not a party to the action below.  We therefore summarily dismiss Oxendine's "appeal."

■   ¶ 6   As to Oxendine's appeal from the trial court's grant of summary judgment to the Medical Center in her wrongful death action against it, we reverse and remand for further proceedings.  Utah's wrongful death statute, section 78–11–7, provides that when a person's death is caused by another's wrongful act or neglect, "his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages."  Utah Code Ann. § 78–11–7 (1996). This court has acknowledged that only one action may be maintained against a wrongful death defendant.  "Under the wrongful death statute, there is but a single cause of action, viz., it arises from a particular wrongful act for which there can be but one claim against the tort-feasor for damages." *Switzer v. Reynolds*, 606 P.2d 244, 246 (Utah 1980).

¶ 7   This court has, however, specifically addressed a factual scenario like this one previously and suggested that the one-action rule might not preclude the relief sought here under certain conditions.  In *Parmley v. Pleasant Valley Coal Co.*, 64 Utah 125, 138–39, 228 P. 557, 562 (1924) (emphasis added), the court noted:

> If an heir, or any number of them, bring the action and cooperate, collude, and connive with the defendant in the action to deprive any one or more of the heirs from joining in the action and from obtaining their just proportion of the damages caused by the death of the deceased, ... then all or either wrongdoer may be sued as tort-feasors, and the damages suffered by the excluded heirs may be recovered ...

■   ¶ 8   The foregoing language means that an independent cause of action may lie against a tort-feasor who "cooperates, colludes, and connives" with an heir to exclude another heir from a recovery payment, even if the one-action rule would otherwise preclude the second heir's claim.  Although Oxendine's complaint reads as a simple wrongful death action, her reply to the University's motion for summary judgment makes clear that her real claim arises from the "cooperation, collusion, and conniving" of the other heirs and the defendant hospital to exclude her from the settlement.  The reply states quite clearly, and apparently the undisputed facts show:

> All parties knew of the existence and claim of Thelma Oxendine, yet excluded her and her counsel from any and all negotiations.  The parties secretly held a mediation unknown to Oxendine, wherein a settlement was reached.  The funds were distributed to all of the other heirs. Thelma Oxendine received no funds from the settlement.

These facts support a claim under *Parmley*, namely, that the University of Utah cooperated, colluded, and connived with the other heirs to deprive her of her rightful share of compensation for her daughter's wrongful death.  Therefore, this court should remand *Oxendine v. University of Utah Medical Center* to the trial court, which should permit Oxendine to amend her complaint to state a claim under the specific requirements of *Parmley*.  Whether Oxendine can produce any evidence to support these allegations is

another matter, but the claim may be brought as an exception to the one-action rule.

Chief Justice HOWE and Justice STEWART concur in Associate Chief Justice DURHAM'S opinion.

ZIMMERMAN, Justice, concurring and dissenting:

¶ 9   I agree with the majority in its grant of the motion for summary disposition of the first matter.   However, with respect to the second matter I would affirm the district court's grant of summary judgment to the Medical Center.

¶ 10   As the majority acknowledges, only one action may be maintained against a wrongful death defendant.   *See Switzer v. Reynolds*, 606 P.2d 244, 246 (Utah 1980).   In my opinion, this one-action rule bars Oxendine's complaint because Frank Overturf, the personal representative of the estate, brought a wrongful death action against the Medical Center for the same wrongful death. Oxendine's remedy is not against the Medical Center but against the personal representative, Overturf, for contribution.   According to *Tracy v. University of Utah Hospital*, 619 P.2d 340, (Utah 1980), "under Utah law, a wrongful death action is maintained on behalf of all of the heirs of the deceased.   As such, those named parties to the action recover any damages awarded in trust for all the heirs, be they named parties to the action or not." *Id.* at 342–43.   Heirs not named in a wrongful death action have a right to recover, "rights [which] can be asserted, if need be, by a separate action for contribution." *Id.* at 343.

¶ 11   Furthermore, if Oxendine's exclusion from the settlement negotiations somehow reduced the settlement amount, again, Oxendine's right to recover must be against Overturf, as he was the personal representative of the estate and brought the wrongful death action "for the benefit of the heirs."   Utah Code Ann. § 78–11–7.   As such, he owed certain fiduciary duties to all the heirs, including Oxendine.   In our discussion in *Callister v. Callister*, 15 Utah 2d 380, 393 P.2d 477, 480 n. 3 (1964), we set forth the duties of one such as Overturf.   There we state:

"Once appointed and acting, the representative becomes as to the heirs and devisees, a fiduciary, and practically a trustee in many respects, subject to the burden of dealing with a fairness which is the settled concomitant of such relationship.... Thus the personal representative of a decedent occupies a dual position; he stands in a fiduciary relationship to the creditors and heirs of the deceased, and at the same time he has obligations as an officer of the court which appointed him."

*Id.* (quoting *Bancroft's Probate Practice*, ¶¶ 332, 337 (2d ed.)).   If Overturf breached these duties, Oxendine has a cause of action against him.   That usually should suffice.

¶ 12   The majority, however, is unwilling to remit Oxendine to her established legal remedies.   Instead, it strains to find a method by which Oxendine can amend her complaint to state a cause of action against the Medical Center.   The majority goes to some length to suggest that if Oxendine can prove that Overturf and the Medical Center colluded to deprive her of her share of the settlement, she may qualify for an exception found to exist by reason of dicta in the seventy-plus-year-old case of *Parmley v. Pleasant Valley Coal Co.*, 64 Utah 125, 228 P. 557 (1924).   Since its articulation in 1924, these dicta have not been relied upon in any subsequent case.   But even supposing that the language in *Parmley* that the majority relies upon does announce an exception to the one-action rule that is still alive, that "exception" requires two things: (i) the heir and the tortfeasor must collude to exclude another heir from the settlement; *and* (ii) their collusion must somehow prevent that other heir from "joining the action."   The majority's opinion addresses only the first of these requirements, seemingly believing that the factual allegations of Oxendine's pleadings might be sufficient to support an allegation of "collusion" in an amended complaint.

¶ 13   But this is not enough: Oxendine must also allege and prove that Overturf and the Medical Center colluded to "deprive [Oxendine] from joining the action." *Id.* at 562. Nothing in the record indicates that Oxendine was in any way prevented from intervening in the action between Overturf and

the Medical Center. The "exception" contained in the *Parmley* dicta was specifically crafted to address the situation where an heir and a tort-feasor collude to prevent another heir from even knowing about the action to recover damages, so that the excluded heir is absolutely precluded from protecting her interests in the litigation. *See id.* at 561–62 (discussing *Whitley v. Spokane & I. Ry.,* 23 Idaho 642, 132 P. 121 (1913)). That is clearly not the situation here. Oxendine knew of the suit and hired a lawyer, but that lawyer simply failed to intervene to preserve her interests. Even supposing the *Parmley* exception were an announced rule, Oxendine cannot meet its requirements. She may have a suit against her lawyer, but not against the Medical Center.

¶ 14 The law should not be so casually cobbled to reach this wholly unnecessary result, and I dissent from that action.

Justice RUSSON concurs in Justice ZIMMERMAN'S concurring and dissenting opinion.