COMMERCIAL BLOCK REALTY CO. v. MERCHANTS' PROTECTIVE ASS'N.

No. 4623.   Decided May 10, 1928.   (267 P. 1009.)

Rehearing Denied June 5, 1928.

*C. E. Norton,* of Salt Lake City, for appellant.

*Fabian & Clendenin* and *O. A. Wiesley,* all of Salt Lake City, for respondent.

CHERRY, J.

The plaintiff, in a summary proceeding under Comp. Laws Utah 1917, §§ 7313-7327, for unlawful detainer, re-

covered a judgment against defendant for the sum of $511.54 rent and the restitution of certain premises in Salt Lake City. Defendant appeals.

It was admitted that the defendant had been and was in possession of the plaintiff's premises under an oral lease for an indefinite time with monthly rent of $95 reserved, and that the plaintiff had, before the commencement of the action, by notice in writing to the defendant, required in the alternative the payment of $666.14 rent, or the surrender of the premises, which for more than three days after service thereof had remained uncomplied with. The complaint alleged, and the plaintiff offered evidence to prove, that the amount of rent due and unpaid was the sum of $657.94.

The only issue raised by the defendant's answer or considered at the trial was the question of the amount of rent due. The defendant pleaded that the plaintiff had theretofore erroneously charged and collected from defendant considerable sums of money as monthly charges for electric lights, which sum should have been applied to the payment and satisfaction of the rent. The defendant's proof showed the total of these sums to be $241.40, whereupon the plaintiff's counsel stipulated that such total amount might be deducted from the amount of the rent claimed. The court thereupon rendered judgment for the plaintiff for $416.54, the rent found due and unpaid at the commencement of the action, to which was added $95 for rent accruing up to the time of the judgment, making a total of $511.54, and for the restitution of the leased premises.

There was evidence offered by defendant that after the commencement of the action the defendant at one time tendered the plaintiff $152, and ten days later tendered the sum of $300, which was refused each time by plaintiff's agent as being insufficient in amount.

In a motion for new trial defendant set up that the Continental National Bank, a previous owner of the premises,

had, as the defendant's landlord, erroneously overcharged the defendant for the use of electric lights, and prayed for an order vacating the judgment, granting a new trial, and making the Continental National Bank a cross-defendant, etc. The motion was denied.

The assignments of error relate to the excessive amount of rent demanded in the notice, the tenders testified to, and the refusal of the court to grant a new trial and bring in the Continental National Bank as a cross-defendant.

It is argued that the plaintiff must fail in the action for restitution of the premises because the amount of rent demanded in the notice to quit was not the precise amount of rent then due, but was for an excessive amount. As above stated the amount of rent demanded in ■ the notice was $666.14. The amount alleged in the complaint to be due was $657.94, and the amount found by the court up to the time of the notice was $416.54. To support this claim appellant relies upon the common-law rule which to entitle the landlord to a forfeiture of the lease for the nonpayment of rent requires a demand for the precise amount of rent due, and if an excessive amount is demanded it will be ineffectual. 16 R. C. L. 1128. But the present action is a summary proceeding authorized by statute and is controlled by the provisions of the statute and not by common-law rules. Comp. Laws Utah 1917, § 7315, provides that:

"A tenant of real property, for a term less than life, is guilty of an unlawful detainer: * * *

"3. When he continues in possession, in person or by subtenant, after default in the payment of any rent and after a notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, shall have remained uncomplied with for the period of three days after service thereof. Such notice may be served at any time after the rent becomes due."

Other provisions of the statute, not pertinent here, regulate the parties, pleadings, and procedure of the action, the

form and contents of the judgment, etc.; section 7324 providing among other things:

"When the proceeding is for an unlawful detainer after default in the payment of the rent, and the lease or agreement under which the rent is payable has not by its terms expired, execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant, or any subtenant, or any mortgagee of the term, or other party interested in its continuance, may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied, and the tenant be restored to his estate; but if payment, as herein provided, be not made within the five days, the judgment may be enforced for its full amount, and for the possession of the premises."

Under these provisions there is no reason for the strict rule that the landlord must demand the precise amount of rent due or lose his right to recover possession of the premises. A tenant, under the statute, is guilty of unlawful detainer when he continues in possession after default in the payment of *any rent*, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the premises, etc. In cases like this, where the amount of rent is in dispute, the tenant, when the notice is served, may tender the correct amount of rent due and lawfully retain possession. But, failing to do this, he is not deprived of his lease. He may await the judicial determination of the amount of rent, and after judgment pay the rent and costs and be restored to his estate. With such safeguards provided for the tenant there is no reason for subjecting the landlord to the peril of demanding the exact amount of rent or losing his right to restitution of the premises.

In 36 C. J. 638 it is stated:

"Under a statute allowing either a demand of rent or a written notice requiring, in the alternative, payment of rent or surrender of possession, a demand must be absolute, while a written notice must follow the statute and be in the alternative. When so required by statute, the demand or notice must state the amount of rent due or

the amount claimed or demanded, but it need not state the exact amount due, a demand for more or less than is due not being fatal."

This rule is supported by *Durant Land Imp. Co.* v. *East River E. L. Co.*, 15 Daly, 337, 6 N. Y. S. 659; *Sheldon* v. *Testera*, 21 Misc. Rep. 477, 47 N. Y. S. 653; *Moore* v. *Coughlin*, 127 App. Div. 810, 111 N. Y. S. 856.

The alleged tenders relied upon were no tenders at all, both being insufficient in amount. After the commencement of the action and after an additional month's rent had become due the defendant tendered $152, ■ which was refused as insufficient. Ten days later defendant tendered $300, which was again declined for the same reason. It is idle to say that the sum of the two tenders was equivalent to the rent due. The total of the two amounts was never tendered to the plaintiff.

The motion to bring in the Continental National Bank as a cross-defendant not only came too late, but was wholly lacking in merit or propriety. The dealings of the defendant and the proposed cross-defendant were entirely unrelated to the matter in issue between the plaintiff and the defendant.

The appeal is without merit.

The plaintiff and respondent without taking a cross-appeal has assigned cross-errors, whereby it seeks the disallowance of the deduction of the rent as made by the trial court and an order that the plaintiff's ■ judgment for rent be trebled. Cross-assignments without a cross-appeal are not available for this purpose. A judgment may not be modified or reversed upon cross-assignments of error unless the party so complaining has taken a cross-appeal. *Fowers* v. *Lawson*, 56 Utah 420, 191 P. 227.

Judgment affirmed.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.