COMMERCIAL BLOCK REALTY CO. v. UNITED STATES FIDELITY & GUARANTY CO. (MERCHANTS' PROTECTIVE ASS'N, Intervener).

No. 4911. Decided January 30, 1934. (28 P. [2d] 1081.)

*N. W. Sonnedecker,* of Salt Lake City, for appellant.
*Fabian & Clendenin,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

The plaintiff in a summary proceeding under Comp. Laws Utah 1917, §§ 7313-7327, carried forward in the Revised Statutes of Utah 1933, as sections 104-60-1 to 104-60-14, for unlawful detainer sought to recover a judgment against the Merchants' Protective Association, a corporation, as defendant, for the sum of $511.54 rental, and the restitution of certain premises in Salt Lake City. The defendant in that case appealed and furnished an undertaking whereby it, as principal, and the United States Fidelity & Guaranty Company, as surety, agreed to pay the amount of the judgment, costs, damages, and the value of the use and occupation of the premises involved pending the appeal, in the event the judgment was affirmed or the appeal dismissed. The judgment was affirmed by this court. See *Commercial Block Realty Co.* v. *Merchants' Protective Association,* 71 Utah 505, 267 P. 1009.

After the affirmance of the case, suit was brought by the plaintiff against the United States Fidelity & Guaranty Company to recover on the bond the amount of the judgment, with interest and costs together with the costs on appeal and accrued costs, and for the value of the use and occupation of the premises. The total sum claimed was $1,700. The United States Fidelity & Guaranty Company answered and admitted the execution of the bond. In its answer it asked that the Merchants' Protective Association be made a party to the action. This request was denied by the Honorable Wm. M. McCrea, one of the judges of the district court of Salt Lake county, in November, 1928. Afterwards, on the 5th of January, 1929, the Honorable Chris Matheson, who was also one of the judges of the district court of Salt Lake county, made an order that the Merchants' Protective Association be permitted to intervene in the action. The order by Judge Matheson was made without setting side the order theretofore made by Judge McCrea. The record does not disclose on whose application or at whose request Judge Matheson permitted the intervention.

Following the order made by Judge Matheson, the protective association filed what it termed an "answer in intervention," in which was set forth a counterclaim against the plaintiff to the effect that the intervener is legally possessed of the premises in question; that in June, 1928, the plaintiff unlawfully entered into the possession of the same and ousted the Merchants' Protective Association therefrom, to its damage in the sum of $3,000; that the value of the rents, issues, and profits during the time that it had been excluded from the premises was $500 and it prayed damages against the plaintiff in the sum of $3,500.

When the case was called for trial, one F. G. Luke asked to have his appearance entered as counsel for the Merchants' Protective Association on the gronud that he was one of the officers of said corporation. This request was by the court denied. It is conceded that Luke was not a member of the bar and had never been admitted to practice. The trial court

also at the request of the plaintiff dismissed the answer in intervention of the Merchants' Protective Association on the ground that it did not state facts sufficient to constitute a cause of intervention. The court then proceeded with the trial and rendered judgment in favor of the plaintiff and against the defendant United States Fidelity & Guaranty Company in the amount of $1,050 and costs. The judgment was fully satisfied by the surety company.

The Merchants' Protective Association appeals. Plaintiff moved to dismiss the appeal on the following grounds: First, that the protective association is not a party to the judgment entered and therefore is not entitled to appeal; second, that the judgment entered against the United States Fidelity & Guaranty Company was paid and discharged prior to the notice of appeal; and, third, that the order made by the trial judge dismissing the counterclaim of the intervener because it did not state facts sufficient to constitute a cause of intervention was not an appealable order.

If the appeal had been taken from the judgment rendered against the surety company and upon no other ground, the motion to dismiss the appeal would be granted. Comp. Laws Utah 1917, § 6993, now R. S. Utah 1933, 104-41-4, limits the right to appeal from a judgment or decree ▪ to a party to it. Not only must one be a party to a judgment before he can appeal, but the judgment must be adverse to his interests. In other words, he must be aggrieved or affected by the judgment. Although there are exceptional cases, the general rule is that a party may not appeal from a judgment which is in his favor. Thus a defendant cannot ordinarily appeal from a judgment or decree dismissing a complaint since he is not aggrieved or affected adversely by the judgment of dismissal, 3 C. J. 635. Since the appellant is not a party to the judgment against the surety company, it would have no right to appeal. By the same token, if the judgment were satisfied, there would be nothing from which the appellant could appeal, if the appeal were attempted to be taken from the judgment alone. How-

▪

ever, the appeal is taken from the judgment dismissing the appellant's answer in intervention because it did not state facts sufficient to constitute a cause in intervention.

This brings us to the third ground of plaintiff's motion to dismiss. Ordinarily, a judgment dismissing an intervener's bill is appealable. It is often the case that an intervener has more interest in the subject-matter of the litigation than either the plaintiff or the defendant. ■ To deny an intervener in such case the right to intervene or to say that he could not be heard to appeal from a judgment denying him such a right would be most unusual. We believe that the better reasoned decisions are to the effect that where it is a proper case for intervention a judgment denying the right to intervene is appealable. The section of our statute relating to intervention was copied from California and in that jurisdiction the decisions seem to be uniform that the denial of the right to intervene is appealable. *Dollenmayer* v. *Pryor,* 150 Cal. 1, 87 P. 616; *Brown* v. *Canty,* 31 Cal. App. 183, 159 P. 1056; *Hadsall* v. *Case,* 15 Cal. App. 541, 115 P. 330. This also has been the holding in Colorado as well as Kansas. *People* v. *District Court,* 54 Colo. 576, 131 P. 424; *Henry* v. *Travelers' Insurance Co.,* 16 Colo. 179, 26 P. 318; *Ousley* v. *Curphey,* 95 Kan. 254, 147 P. 1110.

In line with the reason of the foregoing authorities the motion to dismiss should be and is denied.

This brings us to the controlling question presented on the merits of the appeal. Was this a proper case for intervention? Intervention was unknown to common-law or equitable proceedings, but was borrowed from the civil law. In this state intervention is a matter dependent upon statute. Comp. Laws Utah 1917, § 6518, R. S. Utah 1933, 104-3-24, provides as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third party is permitted to become a party to an action or proceeding between other persons, either by joining the

plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant; and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared who may answer or demur to it as if it were an original complaint."

Before one can intervene he must come within the provisions of the statute. He must have an interest in the matter in litigation, in the success of either of the parties, or an interest against both. He can join with the plaintiff in claiming what is sought by the complaint, or he can unite with the defendant in resisting the claim of the plaintiff, or he can demand anything adversely to both the plaintiff and the defendant. But before he can do any of these, he must have an interest in the matter which is in litigation. His right to intervene is wholly dependent upon his interest in the subject-matter of the litigation. The test usually applied to the right to intervene is whether a person seeking to intervene may gain or lose by a direct legal operation and the effect of the judgment. *Faricy* v. *St. Paul Investment & Sav. Society,* 110 Minn. 311, 125 N. W. 676; *Henry* v. *Travelers' Insurance Co.,* supra. Do the allegations in the answer in intervention bring appellant within the class?

The action was brought by the plaintiff against the United States Fidelity & Guaranty Company on its bond. The intervener, in its petition, sought to defeat the action by alleging that the plaintiff had ousted it from its premises to its damage in the sum of $3,500. For the purpose of this opinion we may assume as true the allegations of the intervener. The liability of the surety company on the bond was in no manner affected by the allegations set forth in the answer in intervention. The liability on the bond remained the same regardless of any claim against the plaintiff by the Merchants' Protective Associa-

tion. If that association had a valid claim against the plaintiff by reason of the matters which it alleged, that claim could not be affected in any way by the suit on the bond. It could still maintain its right to sue the plaintiff and that claim was neither decreased nor increased, nor was the liability of the surety company increased or decreased by appellant's claim.

The trial court properly dismissed appellant's answer in intervention and the judgment is affirmed. Respondent to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.