## TRIPP et al. v. DISTRICT COURT OF THIRD JUDICIAL DISTRICT et al.

No. 5692.   Decided April 24, 1936.   (56 P. [2d] 1355.)

*O. L. Huntsman* and *Homer Holmgren,* both of Salt Lake City, for plaintiffs.

*Joseph Chez, Atty. Gen.,* and *Irvine, Skeen & Thurman,* of Salt Lake City, for defendants.

MOFFAT, Justice.

Upon petition of plaintiffs a writ of certiorari heretofore issued out of this court directing the district court of the Third judicial district of the state of Utah in and for Salt Lake county, and the Honorable Herbert M. Schiller, judge of the said court, to certify to this court all the records, books, and papers, constituting the record in the matter then pending in said court entitled, "In the Matter of the Suspension and Liquidation of National Building & Loan Association of America, a corporation of Utah," herein referred to as the association.

The writ thus issued has been complied with and the matter has been argued, submitted, and is before us for review.

The proceeding was commenced in the district court on or about the 14th day of November, 1933. At that time the state bank commissioner filed a petition in the district court of the Third judicial district, as hereinbefore entitled, in which the court was petitioned, among other things, to assume jurisdiction of suspension and liquidation of the building and loan company.

Upon the filing of the petition the court entered an order to the effect that the court "has and does hereby assume jurisdiction of the liquidation of the property and assets of

said association." This petition and order will be more fully set forth and discussed later. In fact, it is around these two items in the proceeding that the whole matter of contest revolves.

From the time the petition was filed in the district court seeking liquidation of the assets of the association, until the issuance of the writ of review out of this court, numerous papers and petitions have been filed and orders made in the process of liquidating the assets of the association. In the view we take of the case, it is not necessary to make reference, other than generally, to these numerous petitions and orders.

It is alleged in the petition which initiated the proceeding that the petitioner, John A. Malia, has been and at the time of filing the petition was the duly appointed, qualified, and acting bank commissioner of the state of Utah. That he as such had supervision of the operation, suspension, and liquidation of building and loan associations.

"That the National Building & Loan Association of America is a building and loan corporation of the State of Utah, and has its office and principal place of business in Salt Lake City, Salt Lake County, Utah. That on September 27, 1933, after investigation by petitioner, and pursuant to a resolution of the Board of Directors of said Association, waiving all demands and notices to said Association required by the statutes of the State of Utah, said Association, including its business and properties, was taken over by petitioner, and that since said date said Association, its business and properties have been in suspension and in charge of petitioner.

"That petitioner files herewith a certified copy of the appointment of J. M. Knapp as Deputy in Charge of said Association, as provided by Title 7, Chapter 2, of the Revised Statutes of the State of Utah, 1933.

"That under the provisions of the statutes of the State of Utah, petitioner is required, upon taking possession of the properties and assets of such institutions, to file with this court an inventory of the assets of such institutions as may be taken over by petitioner. That petitioner will be in a position to file with this court an inventory of said National Building & Loan Association of America on or before November 30, 1933.

"That under the provisions of the statutes of the State of Utah, petitioner is also required to report to the court having jurisdiction

of said matter, his expenses in handling the said property and as-
sets, and that petitioner desires that his first account shall be com-
pleted and filed as of October 31, 1933, and shall be reported to the
court thereafter on a monthly basis.

"Wherefore, petitioner prays that the above entitled court assume
jurisdiction of said suspension and liquidation and enter its order
herein that petitioner have to and including November 30, 1933, with-
in which to prepare and file the inventory in said matter and that the
first account of petitioner be completed and filed as of October 31,
1933, and that reports thereafter be completed and reported to the
court on a monthly basis."

There was filed with the petition the following consent:

"The National Building & Loan Association of America, a corpo-
ration organized and existing under and by virtue of the laws of the
State of Utah, hereby acknowledges receipt of a copy of the attached
and foregoing petition and consents that the same be heard without
further notice to it."

"[Signed] National Building & Loan Association of America
                    "By O. R. Dibblee, President."

In pursuance of said petition and consent, the court on
on the same day (November 14, 1933) after the usual formal
recitations made the following order:

"It is therefore ordered and decreed as follows:

"1. That the above entitled court has, and does hereby assume,
jurisdiction of the liquidation of the property and assets of the Na-
tional Building & Loan Association of America, a corporation.

"2. That John A. Malia, Bank Commissioner of the State of Utah,
in charge of said Association, its assets and business, may have to
and including November 30th, 1933, within which to prepare and file
the inventory of the property and assets of said Association.

"3. That the first account of the said John A. Malia, Bank Com-
missioner of the State of Utah, in charge of said Association, its as-
sets and property, be completed and filed as of October 31, 1933, and
that reports thereafter be completed and reported to this court on a
monthly basis.

"Done in open court this 14th day of November, 1933."

"[Signed]  Herbert M. Schiller,
                    Judge."

Liquidation seems to have proceeded in orderly fashion
from the date of filing the original petition, November 14,

1933, until October 10, 1934, at which latter date the bank commissioner served on the association his petition asking for authority to sell the Deni-Zay apartments. There was served on the bank commissioner a protest to the granting of the petition. The protest was signed by the plaintiffs herein. The court refused to allow the protest to be filed, but heard the testimony and denied the petition. No question is raised upon this order.

Simply as a matter of information, counsel for defendants advise us that it will appear from the transcript that between the filing of the original petition on November 14, 1933, until the time of filing plaintiffs' motion to dismiss, February 23, 1935, the proceedings in the district court had involved a hearing of a total of eighty-six petitions, all of which had been served upon the association, filed and heard pursuant to notice.

As indicated, it was not until February 23, 1935, that plaintiffs attacked the jurisdiction of the district court in the liquidating proceeding when the plaintiffs filed their motion to dismiss and to set aside the petition of the bank commissioner by which the proceedings against the association were commenced. The motion is made on the following grounds:

"(a) That the said Bank Commissioner has, at no time prior hereto, lodged complaint to the Attorney General of the State of Utah, informing him, the said Attorney General, that the said National Building and Loan Association has committed any act in violation of law or has omitted to comply with any law, rule or regulation of the State Banking Department contrary to law, or has done any ultra vires act whereby the corporation should be made to forfeit its corporate franchise as provided by law shall be done pursuant to 7-1-24, Revised Statutes of Utah, 1933.

"(b) That no action or proceeding has been commenced by the Attorney General, nor the County Attorney, of Salt Lake County at the instance of the Attorney General in this court or in any court having jurisdiction of the National Building and Loan Association's charter to forfeit or dissolve the corporation's charter and to wind up its affairs as provided by law.

"(c) That no judgment has ever been rendered by any court having jurisdiction of the dissolution of the National Building and Loan Association of America, and that the said National Building and Loan Association is and at all times hereinbefore stated, was a corporation in existence and in good standing in the State of Utah.

"(d) That the above named Investors Committee of the National Building and Loan Association of America, are each either an investor, a member, or a stockholder of the National Building and Loan Association, and that by reason of the unlawful acts of the said Bank Commissioner and the said Examiner in charge and their attorney, the said committee, as a committee and individually, is being deprived of its and his property without due process of law."

The bank commissioner attacked the motion by demurrer, alleging that the motion to dismiss did not state facts sufficient to justify the court in granting the relief prayed for or any relief.

It was the issue presented by this motion and demurrer to which exception is taken and the matter is brought here for review.

From the language of the motion to dismiss above fully set forth, it will be observed that plaintiffs limited themselves to the jurisdiction of the subject-matter on three grounds stated:

(a) Failure of the bank commissioner to lodge a complaint with the Attorney General charging the association with violation of law such as to work a forfeiture of the corporate franchise.

(b) No proceeding has been commenced by the Attorney General to forfeit the association's charter.

(c) That no judgment of dissolution of the association had been rendered.

The fourth ground, not jurisdictional in its attack, presents the status of petitioners herein, viz.:

(d) That petitioners are either members, investors, or stockholders of the association and are being deprived of property without due process of law.

A copy of the motion was served upon the Attorney General and upon counsel for the bank commissioner. Although the record discloses that the association has been repre-

sented by counsel and that all petitions or matters the bank commissioner has presented to the court have been served on either the president or counsel of the association, petitioners made no service of the motion upon either, but limited the service as above stated to the Attorney General and counsel for the bank commissioner.

In passing upon the motion, the judge of the district court indicated that he had grave doubt as to the propriety of the procedure invoked by plaintiffs here, there designated as the "investors' committee." The court did not decide the procedural question, but rested the decision on the ground the motion was without merit on the jurisdictional grounds.

The court might well have denied the motion on the ground the "investors' committee," plaintiffs here, were strangers to the proceeding, and might, appropriately, have required them, had they desired to present a proper issue or grievance, to proceed by intervention as provided by R. S. Utah 1933, 104-3-24, upon showing they had sought, unsuccessfully, to have the relief they seek asserted by the association itself. Had they made such application, showing that they had such interest in the matters in litigation and that they had sought and been denied relief by way of the corporation, or that such application to the association would be futile thereby bringing them within the statute, the court would undoubtedly have permitted the intervention, or had the court refused to permit intervention, appeal from the order would have been an available remedy. *Commercial Block Realty Co.* v. *United States Fidelity & Guaranty Co.* (*Merchants' Protective Association, Intervener*), 83 Utah 414, 28 P. (2d) 1081.

No showing is made that petitioners had taken any steps within the corporation itself, nor made any efforts to procure corporate action. No fraud, laches, nor bad faith is indicated; not even that the matter had been called to the attention of the board of directors. The matter attempted to be brought before the court is merely a motion, it is neither an original action nor a complaint in intervention. That stockholders may, in a proper

case, proceed by an original action or by intervention has many times been decided. In the recent Tennessee Valley Case (*Ashwander* v. *Tennessee Valley Authority*), 56 S. Ct. 466, 80 L. Ed. 688, a number of illustrative cases are cited where stockholders have been permitted to proceed in their own right or on behalf of the corporation for the protection of property, corporate interests, or to enjoin unlawful acts on the part of the corporation, or its officers; but a pleading of demand upon the corporate authorities, and refusal, or the equivalent thereof is in each instance shown.

"As a general rule, before a stockholder can be permitted to sue or defend on behalf of the corporation he must show that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. The effort on the part of the stockholder to procure corporate action must be earnest and bona fide, and not merely simulated. The stockholder must show either that a demand upon the board of directors or other managing body, to have an action brought and prosecuted in the name of the corporation to redress the grievances complained of, has been made and refused, or that the circumstances are such that such a demand would be futile and unavailing. Similarly where stockholders desire to be allowed to defend on behalf of their corporation they must show that some attempt has been made to procure the corporate officers to make the defense for the company which the petitioners ask to be allowed to make and that the corporation has refused to defend or assert the defense in question, or else they must show a sufficient excuse for not making a demand. The rule is sometimes stated to be that, to entitle the stockholders to defend for the corporation, it must be made to appear that the corporate officers, who are primarily charged with the duty, are willfully or fraudulently neglectful of it. In other words there must be an actual or virtual refusal by the corporation to institute or defend the action before one or all the stockholders can appear in its behalf." 14 C. J. 931, § 1449.

If the "investors' committee" do not claim the status of "stockholders," then as a "member" or investor" such interest in the litigation as is required by the statute, R. S. Utah 1933, 104-3-24, must be shown.

This case might well rest here and the reasons stated would be sufficient to quash the writ, but as the trial court

was more inclined to put the question on the issue of jurisdiction, we shall proceed to an examination of that issue.

A proceeding for suspension or liquidation of any of the institutions by the statutes placed under the supervision of the banking department is an adversary proceeding. R. S. Utah 1933, 7-2-3. The bank commissioner, while generally regarded as a statutory receiver, is more than an ordinary receiver. Before the institution of any action in court, he has a right of visitation and examination. Once each year it is made his duty to examine certain institutions, and twice each year certain others must be examined. The public has such interest in the maintenance of such institutions that the examiner is required to make careful examination and inquiry into the conditions and resources of the institution, the mode of conducting and managing the affairs, the actions of the officers, the investment of funds, the security afforded in its operations, and to see that neither the law nor the articles of association are violated. R. S. Utah 1933, 7-1-9.

When an action in suspension or liquidation is instituted by the bank commissioner, in many ways he occupies, as to the corporation, the position of plaintiff, representing creditors, stockholders, members, or others having interests in the institution, while the corporation occupies essentially the position of defendant.

Section 7-5-23, R. S. Utah 1933, as amended by chapter 16, Laws of Utah 1935, provides (and the amendment does not affect the issues before us) :

"When, in the opinion of the bank commissioner, any such corporation is conducting its business illegally or in violation of its articles of incorporation or by-laws, or is practicing deception upon its shareholders or the public, or is pursuing a plan that is injurious to the interests of such shareholders or of the public, or if he is satisfied that its affairs are in an unsafe condition, he shall notify its directors or managers, and if it shall not immediately amend its course or put its affairs upon a safe basis, he may forthwith take possession of the business and property of such corporation and take the necessary steps to wind up its affairs as provided by chapter 2 of this title.

Every building and loan corporation doing business in this state shall make and file with the bank commissioner, a designation of agent upon whom all notices required by this chapter may be served, stating the address of such agent, which must be in the state of Utah, and any notice required by this chapter to be given to said corporation, may be served upon such agent, either by leaving a copy with him personally, or at the address designated."

The bank commissioner is given supervisory and examination powers over "all banks, except national banks, all loan and trust corporations, all building and loan associations" (R. S. Utah 1933, 7-1-8), and "the district court in and for the county in which such institution or the principal office thereof is situated shall have jurisdiction in the liquidation of the affairs of such institution under the provisions of this chapter" (R. S. Utah 1933, 7-2-2).

The application asking the court to assume jurisdiction in the matter of suspension and liquidation of the association is not a model for informational detail, and might not be invulnerable to attack for uncertainty; yet we think, in the absence of attack, it sufficiently states facts to invoke the jurisdiction of the court.

After alleging the official capacity of the bank commissioner, the application alleges, the corporate capacity of the association, its principal place of business within the territorial jurisdiction of the court, and then alleges:

"That on September 27, 1933, after investigation by petitioner and pursuant to a resolution of the Board of Directors of said association, waiving all demands and notices to said association required by the statutes of Utah, said association, including its business and properties, was taken over by petitioner, and that since said date said association, its business and properties have been in suspension and in charge of petitioner."

It is then alleged that a deputy in charge has been appointed as required by the statute, and that an inventory will be filed within the time permitted by the court. That after an investigation in accordance with his duty, the bank commissioner, pursuant to a resolution of the board of di-

rectors of the association, had taken over the business and properties of the association. That the board of directors had waived all demands and notices required by the statutes of the state of Utah.

Whether one or all of the grounds relating to the mode of conducting the business of the association had been violated does not appear. If the corporation had been conducting its business illegally or in violation of its articles of incorporation or by-laws, or if it had been practicing deception upon its shareholders or the public or had been pursuing a plan injurious to the interests of shareholders or of the public, or that its affairs were in an unsafe condition, are matters of which the directors must be notified and given an opportunity to amend or put the affairs upon a safe basis before the bank commissioner may take possession of the business and property of such corporation. All of these are matters personal to the board of directors, and we perceive no reason why, if the bank commissioner had found these conditions to exist and the directors were so advised, the notices and demand required to be served or made upon the board of directors may not be waived, in the absence of fraud, bad faith, or collusion.

The record shows a copy of the petition, which petition alleged the waiver of the service of notice and demands, and consent to the hearing thereof by the court.

It would not seem to be open to question that the board of directors of the association entered appearance for and on behalf of the association, and submitted to the jurisdiction of the court, or that the court had jurisdiction of the subject-matter. As heretofore indicated, the original petition is not a model for detailed allegations concerning the status of the association, nor as to matters of particularity of reasons why the bank commissioner was of opinion the association had violated the statutory provisions, justifying the commissioner in taking possession of the affairs of the association, or the details of the actions of the board of directors in agreeing thereto. Sufficient, however, does appear to advise the court that the proceeding is one in liqui-

dation of the affairs of the association under the statute giving the court jurisdiction of such affairs.

Plaintiffs rely upon the case of *Union Savings & Investment Co.* v. *District Court of Salt Lake County,* 44 Utah 397, 140 P. 221, Ann. Cas. 1917A, 821. Were the purpose of the instant proceeding to wind up the affairs of the association, or more specifically as plaintiffs argue, the forfeiture of the charter of the association, there is much in the cited case to support plaintiffs' position. It is argued that a suspension and liquidation proceeding against a building and loan association results in a practical dissolution and is therefore an attack upon the corporate existence or a proceeding for forfeiture of the corporate charter, and that therefore quo warranto by the Attorney General is the proper and only proceeding. The position of counsel is untenable and the fallacy of the argument patent. Short reference to the case in 44 Utah 397, 140 P. 221, Ann. Cas. 1917A, 821, supra, will suffice. Some language in that case suggests support for plaintiffs' position; but when it is remembered that since that decision was rendered the law under which that case was decided has been changed as to suspension and liquidation of building and loan associations, and that now the statute provides expressly for suspension and liquidation or upon failure of the directors or managers to amend its course or put its affairs upon a safe basis, may take the necessary steps to wind up the affairs of building and loan and other corporations, and that the purpose of the instant proceeding is not to dissolve the association or forfeit its charter, the differences are manifest. R. S. Utah 1933, 7-5-23, as amended by Laws of Utah 1935, c. 16.

"The right to dissolve a corporation and wind up its affairs for any cause against its consent belongs to the sovereign state alone, and in the absence of an express statute to that effect the courts have no power to bring about such result at the instance of an individual suitor," is language that standing alone lends support to plaintiffs' position; but when it is further said: "To dissolve the plaintiff corporation is precisely what the interveners are attempt-

ing to do" (44 Utah 397, at page 408, 140 P. 221, 225, Ann. Cas. 1917A, 821, supra), and "where the purpose of the action is not to wind up the affairs, but is merely to prevent it from doing some forbidden act, or from continuing the mismanagement of its affairs, or to require it to follow the provisions of the statute and cognate matters, or for the purpose of obtaining a judgment against the association, and, in short, any offensive or prohibitive action which is not intended to destroy the existence of the association, such action may be brought by any shareholder at any time in any court of competent jurisdiction. Where, however, as here, the manifest purpose, and the only possible result, of the action is to wind up all of the business affairs of the association, and the effect is necessarily to dissolve its corporate existence, the action should be commenced by the attorney general as pointed out in the statute" (44 Utah 397, at page 410, 140 P. 221, 226, Ann. Cas. 1917A, 821, supra).

That proceedings under the suspension and liquidation statute now in force, R. S. Utah 1933, chapter 2 of title 7, may result in a practical dissolution is of no moment. The proceeding by the bank commissioner is not an attack upon corporate existence, the purpose is not a dissolution of the corporation. If either a final dissolution or a forfeiture of the charter may practically result out of a suspension and liquidation proceeding, such result is only because of either the will, desire, or neglect of the officers and shareholders of the association, or a resulting situation that would make reorganization or rehabilitation profitless or useless. When the process of liquidation as ordinarily understood is complete, such liquidation may practically result in dissolution. During the process of liquidation, a reorganization may be effected, or the corporation, by the infusion of new funds, may be revived and proceed as a going concern. In a proceeding such as the one before the court, neither the bank commissioner nor any party, nor the court is concerned about forfeiture of charter. The liquidation process may terminate in a

winding up of the business affairs of the association. The relative position of assets as to liabilities will largely determine that matter. R. S. Utah 1933, 7-2-18.

Plaintiffs' motion in the district court to dismiss the whole proceeding would be fraught with such serious consequences that unless there were compelling reasons or it were shown clearly that the court was without ▪ or had exceeded its jurisdiction the writ should not issue.

The action of the trial court is accordingly affirmed in denying plaintiffs' motion. Defendants to recover costs.

ELIAS HANSEN, C. J., FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.