Lynda Lea TRACY and Donna Tracy King, Plaintiffs and Respondents,

v.

UNIVERSITY OF UTAH HOSPITAL, Does I through X, Defendants and Respondents,

Ada Hannah Tracy, deceased, by and through Sharon Tracy Voigt, natural daughter and next friend, and Sharon Tracy Voigt, Applicants for Intervention and Appellant.

No. 16784.

Supreme Court of Utah.

Oct. 22, 1980.

---

Sharon Tracy Voigt, Pro Se.

Ramon M. Child of Bayle, Child & Ritchie, D. Kendall Perkins, Merlin R. Lybbert and Kim R. Wilson of Snow, Christensen & Martineau, Salt Lake City, for defendants and respondents.

HALL, Justice:

Sharon Tracy Voigt (hereinafter "applicant") appeals the denial of her motion to intervene as a party plaintiff.

On May 15, 1975, Ada Hannah Tracy, applicant's mother, passed away while undergoing treatment at the University of Utah Hospital. Two of her surviving daughters (the named plaintiffs herein) instituted a wrongful death action against the hospital and joined as defendants several individuals allegedly charged with the care and treatment of the deceased. Applicant, the third surviving daughter, was not included as a party plaintiff.

Several months after the commencement of the action in question, applicant filed a pro se motion to intervene as a party plaintiff. The motion was argued and denied without prejudice on February 14, 1978.

Applicant took an appeal from the denial of her motion, which this Court dismissed, the denial below having been without prejudice to intervene upon the filing of a proper motion and therefore being a non–appealable interlocutory order.[1]

During pendency of the above appeal, applicant filed a second, and formally proper, motion to intervene with the trial court. Hearing on this motion was duly held on April 10, 1978, and was denied, with prejudice. Although applicant initiated an appeal from that order, the appeal was never perfected due to applicant's refusal to submit proper filing fees to the district court.

On March 1, 1979, applicant filed a third motion to intervene. Upon hearing the matter, the court ruled that, applicant having raised no new arguments for intervention, and having failed to appropriately challenge the previous order regarding her intervention in the action, the previous or-

---

1. Remittitur, case no. 15723, issued June 7, 1978.

der barred her present motion. From the resulting order denying applicant's motion, this appeal is taken.

■■ An order which denies an application for intervention, with prejudice, does make final disposition of the claims and assertions of the applicant, and is therefore appealable.[2] Failure to perfect an appeal goes to the jurisdiction of this Court, and bars review of the matter.[3] Where the denial of a motion to intervene, or any other final ruling or order of the trial court, goes unchallenged by appeal, such becomes the law of the case, and is not thereafter subject to later challenge.[4]

■■ In the present action, having failed to perfect an appeal from the trial court's denial of the second motion to intervene, the applicant is barred from again litigating that issue. The trial court was simply without power to alter its prior ruling upon the subsequent filing of what is, in essence, the same motion.

■■ Applicant attempts to defeat the above rationale by characterizing her second motion for intervention as a "motion to reconsider" the denial, without prejudice, of her first motion. This characterization may not be invoked to defeat the time limits for appeal of a final order.[5] In any event, our rules of procedure make no provision for such a motion as that of "reconsideration."[6]

■■ Applicant seems also to suggest that the trial court was without jurisdiction to deny her second motion to intervene, as the appeal from the denial of the first motion was pending before this Court at the time of its presentation below. It is again to be observed that the denial of the first motion was not appealable, hence the appeal pending at the time the trial court ruled on the second motion was without substance. Under such circumstances, the trial court may properly act on the subsequent motion.[7] To rule otherwise would permit a moving party to defeat court action which the party itself invoked by the device of filing an invalid appeal.

Inasmuch as the affirmance by this Court of the trial court's action rests primarily on procedural defects, we emphasize the fact that applicant's exclusion as a party to the present action was necessarily arrived at notwithstanding an awareness, both below and on this appeal, of the considerable difficulties encountered in pursuing this matter without the assistance of legal counsel. Within the bounds of propriety, applicant was accorded all possible assistance at every stage of these proceedings.

■■ It is also to be observed that applicant's interests in the outcome of the pending litigation are not jeopardized by the refusal of the trial court to permit her intervention. Under Utah law, a wrongful death action is maintained on behalf of all of the heirs of the deceased.[8] As such, those named as parties to the action recover any damages awarded in trust for all the heirs, be they named as parties to the action or not.[9] Applicant thus has rights in any recovery resulting from the action being

2. *Commerical Block Realty Company v. United States Fidelity and Guaranty Co.,* 83 Utah 414, 28 P.2d 1081 (1934); *Tripp v. District Court of the Third Judicial District,* 89 Utah 8, 56 P.2d 1355 (1936).

3. *In re Estate of Ratliff,* 19 Utah 2d 346, 431 P.2d 571 (1967).

4. See *Pettingill v. Perkins,* 2 Utah 2d 266, 272 P.2d 185 (1954). The term "law of the case" is generally applicable only to appellate rulings as they relate to subsequent lower court action upon remand of the same case, but it has been expanded in this jurisdiction to embrace trial court rulings from which no appeal is taken.

5. *Peay v. Peay,* Utah, 607 P.2d 841 (1980).

6. *Id.,* citing *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662 (1966).

7. 12 Am.Jur.2d, Appeal and Error, § 357.

8. U.C.A., 1953, 78–11–7.

9. *Parmley v. Pleasant Valley Coal Co.,* 64 Utah 125, 228 P. 557 (1924).

pursued by her sisters, which rights can be asserted, if need be, by a separate action for contribution.[10] The trial court's action expressly rested on its cognizance of this fact.

The decision of the trial court is hereby affirmed. No costs awarded.

10. 22 Am.Jur.2d, Death, § 188.

CROCKETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

STEWART, J., concurs in the result.