Joseph M. WISDEN, Plaintiff
and Appellant,

v.

Norman H. BANGERTER, Richard D. Wyss, Dorothy Poulsen, O. Brenton Rowe, Glenwood Humphries, Jon Neighbor, Cory Pulsipher, Byron T. Knighton, and John Does 1 through 10, Defendants and Appellees.

No. 940244.

Supreme Court of Utah.

March 24, 1995.

Rehearing Denied May 17, 1995.

Joseph M. Wisden, St. George, pro se.

Jan Graham, Atty. Gen., Brent A. Burnett, Debra J. Moore, Asst. Attys. Gen., Salt Lake City, for defendants.

ZIMMERMAN, Chief Justice:

Joseph M. Wisden appeals from the district court's denial of his motion to reconsider the dismissal of his complaint. Wisden's brief, however, is not devoted to the district court's order on the motion to reconsider but to the merits of the underlying dismissal of his complaint, which occurred some thirteen months before his notice of appeal was filed. We conclude that we do not have jurisdiction over Wisden's challenge to the underlying dismissal of his complaint, and we affirm the denial of his motion to reconsider.

Wisden filed this action in district court against Governor Norman H. Bangerter, Assistant Attorney General Richard D. Wyss, and Extradition Coordinator Dorothy Poulsen (collectively "the state defendants"), as well as five officers of Washington County and ten John Does. The state defendants moved to dismiss, citing various provisions of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63–30–1 to –38. In a memorandum opinion dated April 20, 1993, the district court granted the state defendants' motion, dismissing Wisden's complaint with prejudice.

On May 10, 1993, twenty days after his complaint was dismissed, Wisden moved to extend his time for filing a motion to reconsider. Although the district court never ruled on his motion to extend time, Wisden moved for reconsideration on August 27, 1993. On April 14, 1994, the district court denied Wisden's motion to reconsider, finding that the motion had not been timely filed. Wisden filed a notice of appeal on May 13, 1994.

Rule 4(a) of the Utah Rules of Appellate Procedure requires the filing of a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." Utah R.App.P. 4(a). However, Wisden did not file a notice of appeal until more than a year after his complaint was dismissed. Although the time for filing a notice of appeal may be extended by the filing of any of the post-judgment motions enumerated in rule 4(b), all of those motions must be filed within ten days after entry of the judgment. Utah R.App.P. 4(b); *see* Utah R.Civ.P. 50(b), 52(b), 59. Wisden did not file any post-judgment motion within ten days after entry of the judgment. Therefore, we do not have jurisdiction over his challenge to the district court's dismissal of his complaint.

Nonetheless, because Wisden filed a notice of appeal within thirty days after entry of the

district court's order denying his motion to reconsider, we do have jurisdiction to address Wisden's challenge to that order. Wisden contends that the district court erred in concluding that his motion to reconsider was untimely filed. We agree with the district court.

Wisden filed his motion to reconsider more than four months after entry of the district court's order dismissing his complaint. At that time, the only motion which Wisden could have timely filed was one under rule 60 of the Utah Rules of Civil Procedure.[1] Instead, Wisden filed a motion to reconsider the final judgment of the district court, a motion which is not provided for under the Utah Rules of Civil Procedure and which has never been recognized as a proper motion in this state. *See Tracy v. University of Utah Hosp.*, 619 P.2d 340, 342 (Utah 1980); *Utah State Employees Credit Union v. Riding*, 24 Utah 2d 211, 469 P.2d 1, 3 (1970). Therefore, we conclude that the district court did not err in concluding that Wisden's motion to reconsider was untimely filed.[2]

Accordingly, we affirm.

STEWART, Associate Chief Justice, and HOWE, DURHAM and RUSSON, JJ., concur.

---

1. Under rule 60(a), a motion to correct a clerical mistake in an order or judgment may be filed at any time. Utah R.Civ.P. 60(a). Under rule 60(b)(5), (6), and (7), a motion for relief from an order or judgment on the grounds that "(5) the judgment is void; (6) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (7) any other reason justifying relief from the operation of the judgment" may be filed within a reasonable time after entry of the order or judgment. Utah R.Civ.P. 60(b). A motion for relief from an order or judgment under rule 60(b)(1), (2), (3), or (4), however, must be filed within three months after entry of the order or judgment. *Id.*

2. Although we have held that a motion to reconsider which is the functional equivalent of another type of motion may be treated as such, *see, e.g., Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1063–65 (Utah 1991), we decline to do so in this case. Wisden has neither asked us to treat his motion to reconsider as a rule 60 motion nor supported such a request with legal argument or analysis. *See* Utah R.App.P. 24(a)(9) (requiring that the argument section of a brief "contain the contentions and reasons of the appellant with respect to the issues presented, with citations to the authorities, statutes, and parts of the record relied on"); *see also First Sec. Bank v. Creech*, 858 P.2d 958, 962 (Utah 1993) (declining to address contention not supported by analysis, reasoning, or citation to authority).