*This opinion is subject to revision before final publication in the Pacific Reporter*

**2024 UT 19**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

IAN DANIEL PHILLIPS, PATRICK MICHAEL WADE,
JOSEPH JOHN ALBANO, PAUL ROBERT DELMONTE, and
THOMAS PETER KLINGENSMITH
*Appellants*,

*v.*

DEIDRE M. HENDERSON, in her Official Capacity as
Lieutenant Governor of Utah,
*Appellee.*

No. 20231098
Submitted April 15, 2024
Filed June 27, 2024

On Direct Appeal

Third District, Salt Lake County
The Honorable Amber M. Mettler
No. 230908047

Attorneys:

Michael W. Young, Alan S. Mouritsen, Salt Lake City,
for appellants

Sean D. Reyes, Att'y Gen., Stanford E. Purser, Solic. Gen.,
Salt Lake City, for appellee

JUSTICE HAGEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE POHLMAN joined.

JUSTICE HAGEN, opinion of the Court:

## INTRODUCTION

¶1   Ian Daniel Phillips and a group of Utah voters (collectively, the Sponsors) wish to initiate state legislation that would place an

age limit on Utah candidates for federal office. The Lieutenant Governor rejected the Sponsors' initiative application after concluding that, under *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), the proposed law was "patently unconstitutional" or "could not become law if passed," *see* UTAH CODE § 20A-7-202(5). In *Thornton*, the United States Supreme Court held that the federal Constitution forbids states from enacting laws imposing qualifications on candidates for federal congressional office. 514 U.S. at 800.

¶2   After their initiative application was rejected, the Sponsors sued the Lieutenant Governor. The Sponsors sought a declaration that the initiative is not patently unconstitutional and could become law if enacted because *Thornton* either did not apply or should be overruled. The district court rejected both arguments, ruling that the Sponsors were not entitled to relief, because the proposed initiative is "squarely foreclosed by" *Thornton*, a decision that the court had no authority to overrule. Accordingly, the district court dismissed the Sponsors' complaint for failure to state a claim upon which relief can be granted.

¶3   On appeal, the Sponsors maintain that *Thornton* should be overruled because its prohibition on state-created qualifications for federal officeholders violates the Tenth Amendment of the United States Constitution. But because the Sponsors recognize that this court lacks authority to overturn *Thornton*, they ask us to affirm the district court's decision, thereby paving the way for them to petition the United States Supreme Court for review.

¶4   The Lieutenant Governor also urges us to affirm, but she questions whether appellants who seek an affirmance have standing on appeal. We hold that appellants who concede that they cannot prevail at a particular stage on appeal have appellate standing so long as they had traditional standing in the district court, were a party or privy to that action, and were aggrieved by the district court's judgment. The Sponsors meet each of these requirements and therefore have appellate standing. And because controlling federal law precludes the Sponsors' requested relief, we affirm the district court's ruling on the merits.

## ISSUES AND STANDARDS OF REVIEW

¶5   This case presents two questions. The first is whether the Sponsors have standing on appeal where the Sponsors ask this court to affirm. "This court is the exclusive judge of its own jurisdiction, and its determination of whether it has jurisdiction to

hear an appeal is a question of law." *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 18, 44 P.3d 663 (cleaned up).

¶6 The second question is whether the district court correctly dismissed the Sponsors' complaint for failure to state a claim upon which relief can be granted. We review a district court's dismissal of a complaint under rule 12(b)(6) of the Utah Rules of Civil Procedure for correctness. *Pinder v. Duchesne Cnty. Sheriff*, 2020 UT 68, ¶ 31, 478 P.3d 610.

## ANALYSIS

### I. THE SPONSORS HAVE STANDING ON APPEAL

¶7 In the district court, the Sponsors sought a declaratory judgment that the Lieutenant Governor wrongfully rejected their initiative application on the grounds that the proposed law was "patently unconstitutional" or "could not become law if passed." *See* UTAH CODE § 20A-7-202(5). The Lieutenant Governor moved to dismiss their complaint for failure to state a claim, arguing that the Supreme Court's decision in *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), foreclosed the requested relief. In response, the Sponsors argued that the proposed law was distinguishable from the law struck down in *Thornton* or, alternatively, that *Thornton* should be overturned.

¶8 On appeal, the Sponsors have abandoned the argument that *Thornton* is distinguishable. Although they continue to argue that the case should be overturned, they acknowledge that "*Thornton* remains binding Supreme Court precedent" and that this court "has no choice but to affirm the district court." This concession, the Lieutenant Governor observes, creates an unusual appellate posture and raises a potential appellate standing issue. While she ultimately agrees that the Sponsors have standing to pursue this appeal, we independently assess standing where there is "any doubt on the matter." *In re Adoption of B.B.*, 2020 UT 52, ¶ 29, 469 P.3d 1083; *accord Laws v. Grayeyes*, 2021 UT 59, ¶ 27, 498 P.3d 410 ("We have held that standing is a jurisdictional requirement that must be satisfied before a court may entertain a controversy between two parties." (cleaned up)).

¶9 Standing must exist at every stage of litigation, including on appeal. *See Brown v. Div. of Water Rts. of Dep't of Nat. Res.*, 2010 UT 14, ¶ 15, 228 P.3d 747. A party whose standing on appeal is challenged generally must show that the party (1) "had standing under the traditional test in the original proceeding before the district court," (2) "was a party or privy to the action below," and

3

(3) "is aggrieved by that court's judgment." *Hills v. Nelson*, 2022 UT 6, ¶ 19, 506 P.3d 552 (cleaned up).

¶10   The Sponsors' concession that this court must affirm the district court's order does not impact whether they satisfy the requirements for appellate standing. As for the first and second requirements, there is no dispute that the Sponsors had standing in the district court and that they were parties to that action. The Sponsors also meet the third requirement of appellate standing because they are aggrieved by the district court's judgment. This third requirement reflects the principle that a party who obtains the relief it sought below "generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *See United States v. Windsor*, 570 U.S. 744, 759 (2013) (cleaned up). Simply stated, a party who prevails below is ordinarily not entitled to appeal. *See Com. Block Realty Co. v. U.S. Fid. & Guar. Co.*, 28 P.2d 1081, 1082 (Utah 1934) ("Although there are exceptional cases, the general rule is that a party may not appeal from a judgment which is in his favor."); *see also Camreta v. Greene*, 563 U.S. 692, 703–04 (2011) ("As a matter of practice and prudence, we have generally declined to consider cases at the request of a prevailing party, even when the Constitution allowed us to do so.").

¶11   Here, the Sponsors did not prevail below. To the contrary, the district court dismissed their complaint. The Sponsors' position on appeal does not change the equation. They candidly acknowledge that this court must affirm the district court's ruling under controlling caselaw. But that concession does not mean that they obtained the relief they sought below.[1] Because the Sponsors

---

[1] We also agree with the Lieutenant Governor that the Sponsors' "request for affirmance does not raise lack-of-adversariness concerns." Because we have traditionally limited the exercise of judicial power "to the adjudication of disputes," a lack of adversariness may raise justiciability concerns. *See In re Childers-Gray*, 2021 UT 13, ¶ 20, 487 P.3d 96 (cleaned up). But these concerns arise only when "no dispute between opposing parties exists." *Id.* (cleaned up). The lawsuit brought by the Sponsors against the Lieutenant Governor is a quintessential adversarial proceeding between two opposing parties. Such a lawsuit does not become non-adversarial merely because one party concedes that it cannot prevail under controlling law at a particular stage in the litigation.

are plainly aggrieved by the dismissal of their lawsuit, they have standing on appeal.

¶12   The Sponsors have standing to pursue this appeal because they had traditional standing in the district court, were parties to the action below, and were aggrieved by the district court's decision to dismiss their lawsuit. A concession that the appellant is not entitled to prevail at a particular stage on appeal does not defeat appellate standing. Because we are satisfied that the Sponsors have standing to invoke this court's jurisdiction, we now turn to the merits.

## II. THE DISTRICT COURT CORRECTLY DISMISSED THE SPONSORS' COMPLAINT

¶13   The district court granted the Lieutenant Governor's motion to dismiss the Sponsors' complaint for failure to state a claim upon which relief can be granted. *See* UTAH R. CIV P. 12(b)(6). "A rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." *Osguthorpe v. Wolf Mountain Resorts, L.C.*, 2010 UT 29, ¶ 20, 232 P.3d 999 (cleaned up). "A district court should grant a motion to dismiss only when, assuming the truth of the allegations in the complaint and drawing all reasonable inferences therefrom in the light most favorable to the plaintiff, it is clear that the plaintiff is not entitled to relief." *Osguthorpe v. Rudd (In re Est. of Osguthorpe)*, 2021 UT 23, ¶ 54, 491 P.3d 894 (cleaned up).

¶14   This case concerns the Sponsors' efforts to initiate state legislation that would place age limits on Utah candidates for federal office. Under the Utah Constitution, the people's right to directly legislate through initiative must be exercised "under the conditions, in the manner, and within the time provided by statute." UTAH CONST. art. VI, § 1(2). As relevant here, individuals wishing to circulate an initiative petition must file an application with the lieutenant governor, who must reject the application if, among other things, the proposed law "is patently unconstitutional" or "could not become law if passed." UTAH CODE § 20A-7-202(1), (5)(a).

¶15   The Sponsors' complaint sought a declaration that "[t]he Lieutenant Governor wrongfully rejected [their initiative application] on the basis that the proposed legislation was unconstitutional." If the proposed legislation became law, it "would preclude any individual from running for federal office in the State of Utah if that individual was eighty-one or older at the

time of election or would reach the age of eighty-one before the expiration of their term." The complaint alleges that the Sponsors submitted their initiative application to the Lieutenant Governor for approval and that the Lieutenant Governor rejected their proposed initiative because she concluded that, under *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), "the proposed legislation was . . . [p]atently unconstitutional" and "[c]ould not become law if passed."

¶16   In *Thornton*, the United States Supreme Court reviewed the constitutionality of an amendment to the Arkansas constitution that limited the number of terms a congressional representative from Arkansas could serve. *Id.* at 783–84. The issue was "whether the [federal] Constitution forbids States to add to or alter the qualifications [for office] specifically enumerated in the Constitution." *Id.* at 787. The Court held that the term-limit amendment was unconstitutional because, while states have authority to "enact the numerous requirements as to procedure and safeguards" of elections under article I, section 4 of the Constitution, *id.* at 834 (cleaned up), the power to add qualifications for candidates of federal office "is not within the 'original powers' of the States, and thus is not reserved to the States by the Tenth Amendment," *id.* at 800.

¶17   Here, the district court ruled that the Sponsors' proposed law is unconstitutional under *Thornton*. Neither party contests that determination on appeal. We agree that the district court correctly ruled that, under controlling federal law, the Sponsors can prove no set of facts entitling them to relief. Although *Thornton* involved term limits rather than age limits, it broadly held that neither Congress nor the States could alter the qualifications for congressional service set forth in the United States Constitution. *See id.* at 837–38. Because the Sponsors' proposed law would impose an extra-constitutional qualification for congressional service, it is patently unconstitutional under *Thornton*. Therefore, the district court correctly ruled that the Sponsors did not state a claim upon which relief can be granted.

## CONCLUSION

¶18 The Sponsors have appellate standing to pursue this appeal, despite their concession that we must affirm the district court's ruling under binding United States Supreme Court precedent. Because the district court properly dismissed the

Sponsors' complaint for failure to state a claim upon which relief may be granted, we affirm.

————————